Paul-Edward: Gilbert, one of the People
in propria persona
c/o 2036 Nevada City Highway #28
Grass Valley (45), California [near: 95945]
crc4e7b4732@sendittomyemail.com





FILED

AUG 26 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## United States District Court for the Eastern District of California
## Sacramento, California

| | |
|---|---|
| Paul-Edward: Gilbert,<br>    Plaintiff,<br><br>    v.<br><br>Clear Recon Corp;<br>Tammy Laird, Chief Executive Officer, and<br>Edward Jamir, Chief Financial Officer, and<br>Hamsa Uchi, Corporate Secretary, and<br>Monica Chavez, Agent; in their capacity as officers<br>and agents of Clear Recon Corp and in their<br>personal capacity;<br>Aldridge Pite, LLP;<br>Steven Pite Esq., in his capacity as Senior Partner<br>in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Supervising<br>Partner in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Registered<br>Agent for Clear Recon Corp.;<br>Casper Rankin, Esq., in his personal capacity;<br>NewRez LLC;<br>Baron Silverstein, in his capacity as President of<br>NewRez LLC;<br>Shellpoint Mortgage Servicing, a subsidiary of<br>NewRez LLC;<br>Does 1 – 25,<br>    Defendants,<br><br>And<br><br>Citibank, N. A.<br>    Party of Interest,<br>    but not a Defendant | Case No. 2: 24 - CV 2 3 0 8 - DAD CKD PS<br><br>**Constitutional Trespass**<br><br>**And**<br><br>**Causes of Action 1 through 6;**<br>**Violation of the Seventh**<br>**Amendment - Right to Trial by Jury;**<br>**Breach of Duty by Trustee;**<br>**Negligence / Gross Negligence;**<br>**Violation of Due Process Rights;**<br>**Constructive Fraud; and Unjust**<br>**Enrichment.**<br><br><br>Judge:<br><br>Courtroom:<br><br>Date:<br><br>Time: |

1

**Constitutional Trespass**

Paul-Edward: Gilbert, Plaintiff
    v.                                          Case No.                          Page **1** of **18**
Clear Recon et. al., Defendant

Constitutional Trespass

# I. Introduction

## 1. Overview of the Case

This case arises from a series of unlawful actions taken by the Defendants, resulting in the wrongful foreclosure of the Plaintiff's property. The Plaintiff asserts that these actions violated constitutional rights, breached fiduciary duties, and disregarded established legal procedures. The foreclosure was based on a void assignment, and the Defendants failed to provide due process or act within the bounds of the law. This document outlines the claims and legal arguments that support the Plaintiff's demand for justice and appropriate remedies.

## 2. Purpose of the Document

The purpose of this document is to present the Plaintiff's legal arguments, supported by constitutional provisions, statutory laws, and judicial precedents. The Plaintiff seeks to establish that the Defendants' actions were unlawful, warranting the relief sought in this case. The document also serves to request a trial by jury, as guaranteed by the Seventh Amendment, and to ensure that all factual disputes are resolved fairly and justly.

## 3. Legal Framework

The legal framework of this case is grounded in the Constitution of the United States, relevant state laws, and well-established judicial precedents. The Plaintiff will demonstrate how the Defendants' actions violated these legal principles, focusing on the Seventh Amendment right to a trial by jury, breaches of fiduciary duty, wrongful foreclosure, and the unlawful authority exercised by the Defendants. The document is structured to guide the Court through the relevant legal issues, leading to a fair and just adjudication.

# II. Parties Involved

## 1. Plaintiff

1        The Plaintiff is Paul-Edward: Gilbert, an individual and the rightful owner of the property

2  located in unincorporated, Nevada County, California, which is at the center of this dispute. The

3  Plaintiff brings this action to seek redress for the unlawful actions taken by the Defendants, which

4  resulted in the wrongful foreclosure of the Plaintiff's property.

5  **2. Defendants**

6      **1. Clear Recon Corp**

7          o  **Entity Description: Clear Recon Corp** is the trustee involved in the foreclosure

8              process. As a fiduciary, Clear Recon Corp was responsible for ensuring that the

9              foreclosure was conducted lawfully and with due regard for the Plaintiff's rights.

10          o  **Officers:**

11              ▪  **Tammy Laird, Chief Executive Officer**

12              ▪  **Edward Jamir, Chief Financial Officer**

13              ▪  **Hamsa Uchi, Corporate Secretary**

14              ▪  **Monica Chavez, Foreclosure Agent**

15      **2. NewRez LLC (Shellpoint Mortgage Servicing)**

16          o  **Entity Description: NewRez LLC,** also known as Shellpoint Mortgage Servicing,

17              is the mortgage servicer for the Plaintiff's loan. The Plaintiff contends that NewRez

18              LLC acted improperly by enforcing a foreclosure based on a void assignment and

19              failed to provide due process.

20          o  **Officer:**

21              ▪  **Baron Silverstein, President**

22      **3. Aldridge Pite, LLP**

23      •  **Steven Pite, Esq.:**

24        Steven Pite is a Senior Partner at Aldridge Pite, LLP, with a significant role in the operations

1  of both Aldridge Pite and Clear Recon Corp. As one of the key figures at Aldridge Pite, his

2  involvement and influence extend to Clear Recon Corp, where he played a foundational

3  role as the incorporator of the entity. The Plaintiff asserts that Mr. Pite's dual involvement

4  with Aldridge Pite and Clear Recon raises concerns about conflicts of interest and the

5  proper execution of legal duties in the foreclosure process.

6  • **Casper Rankin, Esq.:**

7  Casper Rankin is the Supervising Partner at Aldridge Pite, LLP, and served as the

8  Registered Agent for Clear Recon Corp. In his capacity as both a Supervising Partner and

9  Registered Agent, Mr. Rankin had the legal responsibility of ensuring that all legal

10  requirements and ethical standards were met before proceeding with the foreclosure. The

11  Plaintiff asserts that Mr. Rankin failed to uphold this duty, particularly in addressing the

12  constitutional protest and ensuring the foreclosure process adhered to California Civil Code

13  §§ 6 and 2920 et seq. His actions, or lack thereof, contributed to the unlawful and unjust

14  foreclosure, violating the Plaintiff's rights and leading to the harm claimed in this action.

15  **Does 1 - 25.**

16  o  Unidentified parties who may have an involvement in the Constitutional Trespass.

17  **3. Interested Party**

18  1. **Citibank, N.A.**

19  o  Citibank, N.A. is listed as an interested party in this case. Although not a

20  Defendant, Citibank, N.A. has a financial interest in the property subject to the

21  wrongful foreclosure. As such, Citibank, N.A. may be entitled to restitution in the

22  event that the Plaintiff prevails, ensuring that any financial losses suffered by

23  Citibank, N.A. are addressed appropriately.

24  **III. Jurisdiction and Venue**

1   **1. Federal Jurisdiction**

2       This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, as the claims arise

3   under the Constitution and laws of the United States, specifically involving violations of the Fifth

4   and Seventh Amendments. The Plaintiff's right to a trial by jury under the Seventh Amendment,

5   as well as the due process protections under the Fifth Amendment, are central to the claims

6   presented. Additionally, federal jurisdiction is supported by the diversity of citizenship between

7   the Plaintiff and the Defendants, as outlined under 28 U.S.C. § 1332, given that the parties are

8   from different states and the amount in controversy exceeds the statutory threshold of $75,000.

9   Specifically, the amount of the mortgage at issue exceeds this threshold.

10   **2. State Jurisdiction**

11       In the alternative, this Court has jurisdiction under the laws of the State of California, as

12   the claims involve violations of the California Constitution and the California Civil Code, particularly

13   regarding wrongful foreclosure and breaches of fiduciary duty. The Plaintiff asserts that the

14   Defendants' actions violated both federal and state laws, making state jurisdiction appropriate.

15   **3. Venue Justification**

16       Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise

17   to the claims occurred within this judicial district. The property that is the subject of the wrongful

18   foreclosure is located within this district, and the Defendants are subject to personal jurisdiction

19   here, either by conducting business or through other sufficient contacts within the state.

20                    **IV. Statement of Facts**

21   **1. Background:**

22      • **Ownership and Mortgage Origin:**

23          ○  The Plaintiff, Paul-Edward: Gilbert, has owned the property located in

24                unincorporated Nevada County, California, since March 1985. In 2006, the Plaintiff

Paul-Edward: Gilbert, Plaintiff
v.
Clear Recon et. al., Defendant
       Case No.
       Page **5** of **18**

Constitutional Trespass

1    obtained a mortgage on the property, originally issued by Ditech. Following

2    Ditech's bankruptcy, the mortgage was assigned to NewRez LLC by the U.S.

3    Bankruptcy Court. The Plaintiff does not contest this assignment. However, the

4    Plaintiff asserts that the Deed of Trust, securing this mortgage, has been

5    wrongfully enforced by the Defendants, leading to the current dispute.

6    • **Loan Modification and Issues:**

7    ○   In early 2020, amid the COVID-19 pandemic, the Plaintiff entered into a loan

8    modification process with Loancare LLC to address financial difficulties. During this

9    process, on **August 21, 2023**, the Plaintiff requested that Brian S. Thomley, the

10   attorney representing Loancare LLC, produce his license and oath of office as

11   required under California law. The failure to receive a satisfactory response led the

12   Plaintiff to conclude that fraudulent misrepresentation occurred. As a result, the

13   Plaintiff rescinded the mortgage contract for fraud by sending a letter on **August**

14   **21, 2023**, to NewRez LLC. No response was received to this rescission.

15   Subsequently, on **May 18, 2024**, the Plaintiff sent a Peremptory Notice to Cease

16   and Desist to Clear Recon Corp, regarding T.S. 112726-CA detailing the

17   constitutional violations and reaffirming the rescission due to fraud.

18                               **V. Causes of Action**

19   **Introduction:**

20   The following section provides a summary of the legal claims asserted in this case. Each

21   cause of action is briefly outlined, highlighting the core legal arguments and supporting facts. For

22   a comprehensive and detailed analysis, including supporting evidence and citations, please refer

23   to the **Materials in Support of Claim,** and the **Legal Citations and Authorities**, which

24   accompany this filing.

Paul-Edward: Gilbert, Plaintiff
v.                                    Case No.                    Page **6** of **18**
Clear Recon et. al., Defendant
                              Constitutional Trespass

**First Cause of Action: Violation of the Seventh Amendment - Right to Trial by Jury**

- **Against:** All Defendants
- **Summary:** The Plaintiff contends that the Defendants' actions egregiously violated the Plaintiff's Seventh Amendment right to a trial by jury, a fundamental protection in disputes involving significant property interests. The foreclosure statutes, as applied by the Defendants, unconstitutionally circumvented the Plaintiff's right to have these disputes— particularly those involving wrongful foreclosure, breach of fiduciary duty, and fraudulent actions—resolved by a jury of peers.

The Plaintiff asserts that any provisions in the Deed of Trust or Promissory Note that attempt to waive this constitutional right are inherently void and unenforceable. Unalienable rights, such as the right to a trial by jury, cannot be contracted away, and any language to that effect must be deemed null and void. This argument is bolstered by the principle established in *Bennett v. Boggs*, which holds that statutes violating common right and reason are null and void.

Moreover, *Hatch v. Collins* further illustrates the misapplication of trustee duties by the Defendants. In *Hatch*, the court clarified that while a trustee under a deed of trust acts as a common agent for both the trustor and the beneficiary, this role does not grant the trustee the power to bypass constitutional protections, such as the right to a trial by jury. The Defendants' failure to acknowledge or act upon the Plaintiff's Seventh Amendment rights, coupled with their execution of a non-judicial foreclosure, showcases a deliberate and unconstitutional overreach.

The Plaintiff demands that all factual disputes arising from this case be resolved by a jury, as enshrined in the Seventh Amendment and reinforced by California Civil Code § 6 and established case law. Given the significant financial and property interests at stake, the Plaintiff's right to a trial by jury must be upheld, rendering the foreclosure process, as executed by the Defendants, unconstitutional and void.

**Second Cause of Action: Breach of Duty by Trustee**

- **Against:** Clear Recon Corp, its officers and agents

- **Summary:** The Defendants, particularly Clear Recon Corp (CRC) in its role as the trustee, violated their fiduciary and legal duties by failing to act impartially and fairly in the foreclosure process. As a trustee, CRC had an obligation to conduct the foreclosure in a manner that was both lawful and ethical, respecting the rights of all parties involved. However, CRC failed to meet these obligations, particularly in light of the Plaintiff's constitutional protest and the broader legal standards that govern trustee conduct.

CRC's obligations as a trustee include the duty to act impartially between the trustor (the Plaintiff) and the beneficiary (the lender), ensuring that the foreclosure process adheres to all legal requirements and that both parties' rights are protected. The *Hatch v. Collins* case underscores that while a trustee acts as a common agent for both the trustor and the beneficiary, this role does not absolve the trustee of its duty to conduct the sale "fairly, openly, reasonably, and with due diligence." CRC's actions, or lack thereof, in addressing the Plaintiff's constitutional protest, demonstrate a clear breach of this duty.

Additionally, CRC's status as a corporate entity complicates its role as a trustee. The fact that CRC is not a living person but a corporate entity raises concerns about its ability to fulfill the fiduciary duties that are traditionally expected of a trustee. This issue is further exacerbated by CRC's close ties with Aldridge Pite LLP, a law firm that shares key personnel with CRC, including senior partners who are directly involved in both entities. This relationship creates a conflict of interest that undermines CRC's ability to act impartially and fairly in the foreclosure process.

The failure to address the Plaintiff's constitutional protest, coupled with the pattern of non-compliance observed in CRC's actions, suggests a deliberate disregard for legal and ethical standards. This breach of duty by CRC not only violated the Plaintiff's rights but also calls into

question the validity of the foreclosure process as a whole. The Plaintiff contends that CRC's actions, influenced by its corporate structure and conflicted relationships, were not in keeping with the trustee's obligations and should be considered a significant breach of fiduciary duty.

**Third Cause of Action: Negligence / Gross Negligence**

- **Against:** Clear Recon Corp, NewRez LLC, Shellpoint Mortgage Servicing, Casper Rankin, Esq., and Aldridge Pite, LLP

- **Summary:** The Defendants, particularly Clear Recon Corp, NewRez LLC, Shellpoint Mortgage Servicing, and Casper Rankin, Esq., along with his agents or assigns at Aldridge Pite, LLP, breached their duty of care by failing to conduct the foreclosure process with the necessary legal and ethical standards. The Defendants were obligated to ensure that the foreclosure was executed lawfully, with due regard for the Plaintiff's rights and the legal requirements set forth under California law.

Specifically, the Defendants ignored the Plaintiff's Recission for Fraud, failed to comply with the protections afforded under California Civil Code §§ 6 and 4, and disregarded the constitutional protest outlined in the Plaintiff's Peremptory Notice. This series of failures demonstrates not only negligence but gross negligence, as the Defendants acted with reckless disregard for the legal and constitutional rights of the Plaintiff.

The breach of duty by the Defendants includes potential acts of malfeasance, misfeasance, and nonfeasance. Malfeasance refers to wrongful conduct that is illegal or dishonest; misfeasance refers to improper conduct within the scope of lawful authority; and nonfeasance refers to the failure to act when action is required. In this case, the Defendants' actions—or lack thereof— directly caused significant harm to the Plaintiff, including ongoing economic harm, damage to credit, and emotional distress.

1      The Plaintiff asserts that the Defendants, through their negligent actions and omissions,

2  have caused irreparable harm. The court must recognize this negligence and gross negligence,

3  as these actions represent a severe breach of duty. The Plaintiff seeks a remedy that addresses

4  the violations and the resulting damages, ensuring that the Defendants are held accountable for

5  their failure to adhere to legal and ethical standards during the foreclosure process.

6  **Fourth Cause of Action: Violation of Due Process Rights**

7  - **Against:** Clear Recon Corp (CRC), Aldridge Pite, LLP, Casper Rankin, Esq.

8  - **Summary:** The Plaintiff contends that the Defendants, particularly Clear Recon Corp

9      (CRC), Aldridge Pite LLP, and Casper Rankin, Esq., egregiously violated the Plaintiff's due

10     process rights throughout the foreclosure process. Due process, as guaranteed by the

11     Fifth and Fourteenth Amendments of the U.S. Constitution, requires that no person be

12     deprived of life, liberty, or property without proper legal procedures, including adequate

13     notice and a fair opportunity to be heard. In this case, the Defendants failed to adhere to

14     these fundamental constitutional protections, resulting in an unlawful deprivation of the

15     Plaintiff's property.

16  The Plaintiff's due process rights were violated in several critical ways:

17      1. **Void Assignment:** The foreclosure was initiated based on a void assignment,

18          meaning that NewRez LLC and Clear Recon Corp lacked the legal standing to

19          foreclose. Despite this, the Defendants proceeded with the foreclosure, ignoring

20          the foundational requirement of legal authority, which is necessary to deprive

21          someone of their property. This lack of legal standing is a direct violation of due

22          process, as the foreclosure was not lawfully justified.

23      2. **Failure to Provide Proper Notice:** The Defendants failed to provide the Plaintiff

24          with adequate notice of the foreclosure, which is a crucial element of due process.

Paul-Edward: Gilbert, Plaintiff
v.                                        Case No.                    Page **10** of **18**
Clear Recon et. al., Defendant

Constitutional Trespass

The foreclosure process must include timely and clear communication, allowing the Plaintiff a fair opportunity to respond and defend their rights. The Defendants' failure to comply with these notice requirements further violated the Plaintiff's constitutional right to due process.

3. **Disregard for Constitutional Protest:** The Plaintiff's Peremptory Notice included a constitutional protest grounded in the Seventh Amendment and California Civil Code §§ 6 and 2920 et seq. This protest explicitly challenged the legality of the foreclosure and the Defendants' authority to proceed. The Defendants, however, chose to disregard this protest, proceeding with the foreclosure without addressing the Plaintiff's constitutional concerns. This disregard for a valid constitutional protest is a severe breach of due process.

4. **Violation of California Civil Code §§ 6 and 2920 et seq.:** The Defendants also violated specific statutory protections afforded by California law. California Civil Code § 6 preserves accrued rights, including the right to due process, in all legal actions. Similarly, California Civil Code § 2920 et seq. governs the foreclosure process and sets forth the requirements that must be met to ensure that foreclosures are conducted lawfully and fairly. The Defendants' actions, which included ignoring these statutory provisions, contributed to the unlawful deprivation of the Plaintiff's property.

The cumulative effect of these violations—initiating foreclosure based on a void assignment, failing to provide proper notice, and disregarding a constitutional protest—resulted in the unlawful deprivation of the Plaintiff's property without due process of law. The Plaintiff asserts that these actions were not only illegal but also unjust, warranting judicial intervention to remedy the violation of the Plaintiff's due process rights and to prevent further harm.

**Fifth Cause of Action: Constructive Fraud**

- **Against:** Clear Recon Corp, NewRez LLC, Casper Rankin, Esq.

- **Summary:** The Plaintiff contends that the Defendants, particularly Casper Rankin, Esq., engaged in constructive fraud by failing to disclose critical information regarding the true nature of the assignment and their legal authority—or lack thereof—to proceed with the foreclosure. Constructive fraud occurs when a party, while not necessarily intending to deceive, breaches a legal or equitable duty in a way that results in harm to another party. In this case, the Defendants' actions and omissions created a misleading narrative that concealed the illegitimacy of the foreclosure, violating their fiduciary duties and causing significant harm to the Plaintiff.

Constructive fraud is typically identified in situations where a fiduciary relationship exists, and one party fails to act in the best interest of the other. The Defendants, especially Clear Recon Corp and Casper Rankin, Esq., had a fiduciary duty to the Plaintiff as part of their role in the foreclosure process. This duty required them to act with honesty, transparency, and fairness, ensuring that all material facts were disclosed to the Plaintiff.

However, the Defendants breached this duty in several key ways:

1. **Failure to Disclose the Void Assignment:** The Defendants did not disclose that the assignment on which the foreclosure was based was void. This omission misled the Plaintiff and allowed the Defendants to proceed with an unlawful foreclosure. The Plaintiff relied on the assumption that the Defendants had the legal authority to foreclose, not knowing that the assignment was invalid and that the Defendants were acting without proper legal standing.

2. **Misrepresentation of Authority:** By proceeding with the foreclosure, the Defendants, particularly Casper Rankin, Esq., implicitly represented that they had

1        the authority to do so. This representation was false and constituted constructive

2        fraud, as the Defendants failed to disclose that their legal authority was

3        questionable at best and non-existent at worst. This misrepresentation deprived

4        the Plaintiff of the opportunity to challenge the foreclosure in a timely and effective

5        manner.

6        3. **Breach of Fiduciary Duty:** As fiduciaries, the Defendants were obligated to act

7        in the best interest of the Plaintiff, which included disclosing all material facts

8        related to the foreclosure. Their failure to do so breached this duty and resulted

9        in constructive fraud. The Plaintiff asserts that the Defendants' actions, while

10        possibly not intentionally deceitful, were nonetheless fraudulent because they

11        created a false impression that led to significant harm.

12    The Plaintiff argues that the foreclosure, which was based on misleading actions and

13 omissions by the Defendants, is void due to the constructive fraud that occurred. The court must

14 recognize this breach of fiduciary duty and provide a remedy to address the harm caused by the

15 Defendants' fraudulent actions.

16 **Sixth Cause of Action: Unjust Enrichment**

17    &bull; **Against:** NewRez LLC, Clear Recon Corp (CRC), Casper Rankin, Esq., and Aldridge Pite,

18      LLP

19    &bull; **Summary:** The Plaintiff asserts that NewRez LLC, Clear Recon Corp (CRC), Casper

20      Rankin, Esq., and Aldridge Pite, LLP were unjustly enriched through the wrongful

21      foreclosure of the Plaintiff's property. Unjust enrichment occurs when one party benefits

22      at the expense of another under circumstances where it would be inequitable for them to

23      retain that benefit. In this case, the Defendants received financial gains from the

1  foreclosure process, which was executed without proper legal authority, based on a void

2  assignment, and in violation of the Plaintiff's rights.

3  The Defendants' unjust enrichment is evident in several ways:

4      1. **NewRez LLC:** NewRez LLC received proceeds from the foreclosure despite the

5          fact that the assignment on which the foreclosure was based was void. The funds

6          received by NewRez LLC were obtained through a process that violated the

7          Plaintiff's rights and failed to comply with legal standards. Retaining these funds

8          is inequitable, as they were acquired through an unlawful and wrongful

9          foreclosure.

10     2. **Clear Recon Corp (CRC):** CRC, as the trustee responsible for carrying out the

11         foreclosure, was compensated for its services despite facilitating a foreclosure that

12         was not legally justified. The payment CRC received for executing an invalid

13         foreclosure constitutes unjust enrichment, as the foreclosure was conducted

14         without proper authority and in disregard of the Plaintiff's rights.

15     3. **Casper Rankin, Esq. and Aldridge Pite, LLP:** Casper Rankin, Esq., and his

16         firm, Aldridge Pite, LLP, were unjustly enriched by the legal fees and compensation

17         they received for advising and facilitating the foreclosure. Rankin's failure to ensure

18         that the foreclosure was legally valid, along with his refusal to provide his license

19         upon lawful demand, contributed to the wrongful deprivation of the Plaintiff's

20         property. The financial benefits obtained by Rankin and his firm from this unlawful

21         foreclosure are inequitable and should be returned or compensated.

22     The Plaintiff contends that it would be unjust for the Defendants to retain the benefits

23  gained through a foreclosure process that was marred by legal irregularities, misrepresentations,

24  and violations of the Plaintiff's rights. The court must intervene to address this unjust enrichment,

1  ensuring that the Defendants are required to return the gains they wrongfully obtained or provide

2  appropriate compensation to the Plaintiff.

3  **VI. Relief Sought**

4  **1. Compensatory Damages**

5  • **Relevant Causes of Action:**

6      ○  Breach of Duty by Trustee

7      ○  Negligence / Gross Negligence

8      ○  Constructive Fraud

9  • **Summary:** The Plaintiff seeks compensatory damages for the financial losses suffered

10     due to the Defendants' unlawful actions, including the wrongful foreclosure of the

11     Plaintiff's property and the damages resulting from the fraudulent conduct. These

12     damages include the loss of the property, any reduction in property value, and other

13     financial harm directly caused by the Defendants' breach of their legal duties and wrongful

14     conduct. The Seventh Amendment right to a trial by jury should be invoked to ensure that

15     any factual disputes regarding these damages are resolved by a jury, as this right is

16     fundamental to the Plaintiff's pursuit of justice.

17  **2. Punitive Damages**

18  • **Relevant Causes of Action:**

19      ○  Constructive Fraud

20      ○  Unjust Enrichment

21  • **Summary:** The Plaintiff seeks punitive damages to punish the Defendants for their willful,

22     malicious, and fraudulent actions, particularly the constructive fraud and unjust

23     enrichment. The Seventh Amendment guarantees that a jury should assess the extent of

1     these punitive damages to adequately deter the Defendants and others from engaging in

2     similar unlawful conduct in the future.

### 3. Injunctive Relief

- **Relevant Causes of Action:**
    - Violation of Due Process Rights
    - Breach of Duty by Trustee
- **Summary:** The Plaintiff seeks injunctive relief to prevent the Defendants from continuing or repeating the unlawful foreclosure process and any related actions, including those related to the violation of due process and the breach of trustee duties. This includes an order to restore the Plaintiff's ownership of the property and to cease any further attempts to enforce the void assignment. The Seventh Amendment right to a trial by jury must be upheld in determining the legitimacy of the foreclosure actions and in ensuring that the Plaintiff's constitutional rights are protected throughout the legal process.

### 4. Restitution

- **Relevant Causes of Action:**
    - Unjust Enrichment
    - Constructive Fraud
- **Summary:** The Plaintiff seeks restitution for any benefits the Defendants unjustly received as a result of the wrongful foreclosure and the constructive fraud. This includes the return of any money or property that was wrongfully taken or retained by the Defendants, including damages and restitution to Citibank, N.A., as an interested party. The Plaintiff's right under the Seventh Amendment ensures that the jury determines the appropriate restitution, reinforcing the principle that these rights cannot be waived or bypassed.

1 **5. Quiet Title**

2 • **Relevant Causes of Action:**

3 o Declaratory Relief

4 • **Summary:** The Plaintiff seeks to quiet title to the property, removing any clouds or claims

5 against the title held by the Defendants as a result of the void assignment and wrongful

6 foreclosure. This relief will restore the Plaintiff's rightful ownership and clear the title of

7 any unlawful encumbrances. A jury, as provided for by the Seventh Amendment, must

8 decide on the validity of the claims against the property, ensuring that the Plaintiff's

9 constitutional rights are fully protected.

10 <center>**VII. Summary**</center>

11 The Plaintiff has meticulously detailed the unlawful actions of the Defendants, which led

12 to the wrongful foreclosure of the Plaintiff's property. These actions, including breaches of

13 fiduciary duty, violations of constitutional rights, and other significant legal infractions such as

14 civil conspiracy and constructive fraud, have been thoroughly substantiated through legal analysis

15 and supported by constitutional provisions, statutory laws, and judicial precedents. The Plaintiff's

16 right to a trial by jury, guaranteed by the Seventh Amendment, and the fundamental principles

17 of due process, have been central to this case.

18 **Final Reflection**

19 In closing, the Plaintiff invokes the principle found in California Civil Code § 3548: "The

20 law has been obeyed." This action is brought in the spirit of justice and the rule of law, with the

21 expectation that this Court will uphold these principles and deliver a fair and just resolution. The

22 Plaintiff's rights must be recognized and upheld, and the Defendants must be held accountable

23 for their actions.

24 <center>**VIII. Certification**</center>

1 **Certification**

2     I, Paul-Edward: Gilbert, the Plaintiff in the above-captioned matter, do hereby certify

3 under penalty of perjury and in accordance with the laws of the United States of America, that

4 the statements and information provided herein are true, correct, and made with honesty and

5 integrity. I affirm there is no intent to deceive, mislead, or provide false information, and that this

6 complaint is presented in the spirit of truth and justice, fully aligned with the principles of common

7 law.

8 **Dated:** _August 2_ , A.D 2024

9         **Autograph:** _Paul E_

10         Paul-Edward: Gilbert, one of the People

Paul-Edward: Gilbert, one of the People
in propria persona
c/o 2036 Nevada City Highway #28
Grass Valley (45), California [near: 95945]
crc4e7b4732@sendittomyemail.com


# United States District Court for the Eastern District of California
# Sacramento California

| | |
|---|---|
| Paul-Edward: Gilbert,<br>    Plaintiff,<br><br>    v.<br><br>Clear Recon Corp;<br>Tammy Laird, Chief Executive Officer, and<br>Edward Jamir, Chief Financial Officer, and<br>Hamsa Uchi, Corporate Secretary, and<br>Monica Chavez, Agent; in their capacity as officers<br>and agents of Clear Recon Corp and in their<br>personal capacity;<br>Aldridge Pite, LLP;<br>Steven Pite Esq., in his capacity as Senior Partner<br>in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Supervising<br>Partner in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Registered<br>Agent for Clear Recon Corp.;<br>Casper Rankin, Esq., in his personal capacity;<br>NewRez LLC;<br>Baron Silverstein, in his capacity as President of<br>NewRez LLC;<br>Shellpoint Mortgage Servicing, a subsidiary of<br>NewRez LLC;<br>Does 1 – 25,<br>    Defendants,<br><br>And<br><br>Citibank, N. A.<br>    Party of Interest,<br>        but not a Defendant | Case No.<br><br>**Mandatory Judicial Notice**<br><br>**Constitutional Trespass**<br><br>Judge:<br><br>Courtroom:<br><br>Date:<br><br>Time: |

Paul-Edward: Gilbert, Plaintiff
    v.                     Case No.                 Page **1** of **6**
Clear Recon et. al., Defendant
Mandatory Judicial Notice - Constitutional Trespass

# I. Mandatory Judicial Notice

**1. Request for Judicial Notice**

Pursuant to Federal Rule of Evidence 201 and California Evidence Code §§ 451 and 452, the Plaintiff respectfully requires that this Court take judicial notice of the following facts, documents, and principles of law relevant to the claims presented in this case:

**2. Constitutional Provisions:**

- **Seventh Amendment to the Constitution of the United States:** The Plaintiff requires judicial notice of the Seventh Amendment, which guarantees the right to a trial by jury in civil cases over twenty Dollars.

- **Fifth Amendment to the Constitution of the United States:** The Plaintiff requires judicial notice of the Fifth Amendment, which provides that no person shall be deprived of life, liberty, or property without due process of law. This protection is fundamental to the Plaintiff's challenge against the legality of the foreclosure process initiated by the Defendants.

- **Ninth Amendment to the Constitution of the United States:** The Plaintiff requires judicial notice of the Ninth Amendment, which acknowledges that the enumeration of certain rights in the Constitution does not deny or disparage other rights retained by the people. The Plaintiff asserts that these additional, unenumerated rights are equally protected and must be recognized in the adjudication of this case.

- **Tenth Amendment to the Constitution of the United States:** The Plaintiff requires judicial notice of the Tenth Amendment, which reserves powers not delegated to the federal government to the states or the people. The Plaintiff asserts that state law

1  protections and individual rights are paramount in this matter and must be upheld by the
2  Court.

3  • **California Constitution, Article I, Section 2:** The Plaintiff requires judicial notice of
4     Article I, Section 2 of the California Constitution, which affirms that: All political power is
5     inherent in the People. Government is instituted for the protection, security, and benefit
6     of the People; and they have the right to alter or reform the same, whenever the public
7     good may require it."

8  • **California Constitution, Article I, Section 16:** The Plaintiff requires judicial notice of
9     Article I, Section 16 of the California Constitution, which affirms that the right of trial by
10    jury shall be secured to all and remain inviolate. The Plaintiff asserts this constitutional
11    guarantee in the context of the foreclosure proceedings and the claims presented in this
12    case.

13 **3. Statutory Law:**

14 • **California Civil Code § 2920 et. seq.:** The Plaintiff requires judicial notice of California
15    Civil Code § 2920 et. seq., which governs mortgages and non-judicial foreclosure
16    procedures and imposes specific fiduciary duties on trustees.

17 • **California Civil Code Section 6:** The Plaintiff requires judicial notice of California Civil
18    Code § 6, which preserves accrued rights, ensuring that the foreclosure process respects
19    constitutional protections.

20 • **California Civil Code § 4**: The Plaintiff requires judicial notice of California Civil Code §
21    4, which mandates that all statutory laws are to be liberally construed to uphold
22    constitutional rights and common law principles, providing a legal foundation for
23    interpreting statutes in favor of protecting rights such as the right to a trial by jury.

24 **4. Maxims of Jurisprudence:**

Paul-Edward: Gilbert, Plaintiff
v.                                    Case No.                    Page **3** of **6**
Clear Recon et. al., Defendant

Mandatory Judicial Notice - Constitutional Trespass

1    • **_Lex semper dabit remedium_:** The Plaintiff requires judicial notice of the principle that

2      the law will always provide a remedy.

3    • **_Ignorantia facti excusat, ignorantia juris non excusat_:** The Plaintiff requires judicial

4      notice of the principle that ignorance of fact excuses, but ignorance of law does not.

5 **5. Relevant Case Law:**

6    • **Bennett v. Boggs, 1 Baldw. 60**: Judicial Notice is requested of the principle established

7      in this case, stating that "Statutes that violate the plain and obvious principles of common

8      right and common reason are null and void." This principle supports the Plaintiff's

9      argument that the statutes enabling non-judicial foreclosure to violate fundamental rights

10      and are therefore unconstitutional.

11    • **Hatch v. Collins**, 225 Cal.App.3d 1104 (1990): Judicial Notice is requested of the ruling

12      in this case, which clarifies the duties of a trustee under a deed of trust. The court

13      determined that a trustee is not a strict trustee but serves as a common agent for both

14      the trustor and the beneficiary. The ruling emphasized that while a trustee has a duty to

15      conduct the sale "fairly, openly, reasonably, and with due diligence," this duty is not

16      fiduciary. The *Hatch* case is directly relevant to the Plaintiff's claim, as it delineates the

17      limits of a trustee's authority and the absence of fiduciary duties, which impacts the

18      evaluation of the trustee's conduct in the foreclosure at issue.

19    • **Federal Rights and Procedural Practices**: Judicial Notice is requested of the principle

20      that "The assertion of federal rights, when plainly and reasonably made, is not to be

21      defeated under the name of practice." This principle further supports the Plaintiff's position

22      that procedural norms cannot override substantive constitutional protections, such as the

23      right to a trial by jury.

Paul-Edward: Gilbert, Plaintiff
v.                Case No.             Page **4** of **6**
Clear Recon et. al., Defendant
Mandatory Judicial Notice - Constitutional Trespass

1     • **Haines v. Kerner,** 404 U.S. 519-521 (1972): The Plaintiff requires judicial notice that in
2     this case, the Supreme Court held that non-attorney litigants are held to less stringent
3     pleading standards than State BAR licensed attorneys. Non-attorney litigants are entitled
4     to the opportunity to submit evidence in support of their claims, regardless of deficiencies
5     in their pleadings.

6     • **Platsky v. CIA,** 953 F.2d 25 (2d Cir. 1991): The Plaintiff requires judicial notice of this
7     case, where the court held that it is an error for the trial court to dismiss a non-attorney
8     litigant's pleading without instructing how the pleadings are deficient and how they may
9     be repaired.

10    • **Anastassoff v. United States,** 223 F.3d 898 (8th Cir. 2000): The Plaintiff requires
11    judicial notice that in this case, the court held that non-attorney litigants' constitutionally
12    protected rights are violated when courts depart from precedent where parties are
13    similarly situated. All litigants have an equal right to have their claims fairly and impartially
14    adjudicated according to the rule of precedent.

15    **6. Notice Regarding Pro Per Litigants:**

16    • **Special Solicitude for Pro Per Litigants:** The Plaintiff requires judicial notice that
17    courts must provide special solicitude to non-attorney litigants, recognizing the challenges
18    faced by individuals who choose to represent themselves without legal counsel. This
19    principle is distinct from the more commonly used term *pro se* and emphasizes the
20    litigant's self-representation while maintaining their full rights as one of the People.

21    • **Fiduciary Responsibility of the Court:** The Plaintiff further requires judicial notice that
22    the court has a fiduciary responsibility to all litigants, particularly those who are one of
23    the People, ensuring that their rights are protected, and that justice is administered fairly

Paul-Edward: Gilbert, Plaintiff
v.          Case No.          Page **5** of **6**
Clear Recon et. al., Defendant
Mandatory Judicial Notice - Constitutional Trespass

1    and impartially. This responsibility includes ensuring that the constitutional and legal rights

2    of non-attorney litigants are fully respected and upheld throughout the legal process.

3    **Summary**

4          The Plaintiff respectfully requires that the Court take judicial notice of the above-

5    referenced facts, documents, and legal principles, as they are central to the resolution of this

6    case and are not reasonably subject to dispute.

7    **Dated:** ___August 2___, A. D. 2024

8                                                      **Autograph:** _____
9                                                                    Paul-Edward: Gilbert, one of the People

Paul-Edward: Gilbert, Plaintiff
            v.                          Case No.                    Page **6** of **6**
Clear Recon et. al., Defendant

Mandatory Judicial Notice - Constitutional Trespass

Paul-Edward: Gilbert, one of the People
in propria persona
c/o 2036 Nevada City Highway #28
Grass Valley (45), California [near: 95945]
crc4e7b4732@sendittomyemail.com


United States District Court for the Eastern District of California
Sacramento California

| | |
|---|---|
| Paul-Edward: Gilbert,<br>    Plaintiff,<br><br>     v.<br><br>Clear Recon Corp;<br>Tammy Laird, Chief Executive Officer, and<br>Edward Jamir, Chief Financial Officer, and<br>Hamsa Uchi, Corporate Secretary, and<br>Monica Chavez, Agent; in their capacity as officers<br>and agents of Clear Recon Corp and in their<br>personal capacity;<br>Aldridge Pite, LLP;<br>Steven Pite Esq., in his capacity as Senior Partner<br>in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Supervising<br>Partner in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Registered<br>Agent for Clear Recon Corp.;<br>Casper Rankin, Esq., in his personal capacity;<br>NewRez LLC;<br>Baron Silverstein, in his capacity as President of<br>NewRez LLC;<br>Shellpoint Mortgage Servicing, a subsidiary of<br>NewRez LLC;<br>Does 1 – 25,<br>    Defendants,<br><br>And<br><br>Citibank, N. A.<br>    Party of Interest,<br>        but not a Defendant | Case No.<br><br>**Materials in Support of Claim of**<br><br>**Constitutional Trespass**<br><br><br>Judge:<br><br>Courtroom:<br><br>Date:<br><br>Time: |

Paul-Edward: Gilbert, Plaintiff
    v.                               Case No.                    Page **1** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

**I. Introduction**

1.  **Purpose of the Materials in Support of Claim**

o   The purpose of this document is to provide detailed factual and legal support for

the claims made in the **Constitutional Trespass** document. This includes a

comprehensive analysis of the actions taken by the Defendants, evidence that

substantiates the claims, and citations to relevant legal authorities. These

materials are intended to assist the Court in understanding the full scope of the

claims, ensuring that all arguments are supported by credible evidence and legal

precedent.

**II. Causes of Action**

**First Cause of Action: Violation of the Seventh Amendment - Right to Trial by Jury**

**Summary:**

The Defendants violated the Plaintiff's constitutional right to a trial by jury by proceeding

with a non-judicial foreclosure, disregarding the protections afforded under the Seventh

Amendment, the California Constitution, and California Civil Code §§ 4 and 6. This cause of

action asserts that the foreclosure was unconstitutional and void due to the denial of this

fundamental right. The Defendants' actions are not isolated incidents but part of a broader

pattern and practice of systemic non-compliance, which further reinforces the argument that

the statutes enabling such a process are null and void, as they violate common right and

reason. The inclusion of the Strictures of the Statutes doctrine and the quasi-judicial role of the

trustee further demonstrate that the foreclosure process lacked legal foundation and should be

deemed invalid.

**Detailed Analysis:**

1.  **Constitutional Basis**:

Paul-Edward: Gilbert, Plaintiff
        v.                                    Case No.                          Page **2** of **34**
Clear Recon et. al., Defendant
            Materials in Support of Claim of Constitutional Trespass

1         ○   The Seventh Amendment to the U.S. Constitution guarantees the right to a trial
2            by jury in civil cases where the value in controversy exceeds twenty dollars. This
3            right is foundational, particularly in disputes involving significant property
4            interests, such as the foreclosure of the Plaintiff's home. Article I, Section 2 of
5            the California Constitution affirms that all political power is inherent in the
6            People, including the right to due process and a fair trial.

7         ○   The Defendants' actions, including their reliance on statutes that bypass the
8            Plaintiff's right to a trial by jury, constitute a direct violation of these
9            constitutional protections. This behavior is consistent with a broader pattern and
10           practice of ignoring constitutional mandates, underscoring the systemic nature of
11           the Defendants' non-compliance. The fact that the Defendants did not respond to
12           the stipulation agreement effectively concedes that no lawful method exists for
13           the government or any entity to restrict or limit this fundamental right. This
14           silence further supports the conclusion that the statutes enabling non-judicial
15           foreclosure are unconstitutional and void.

16         ○   The quasi-judicial nature of the trustee's role and the Chevron Deference
17           standard emphasize that trustees, when exercising powers that significantly
18           affect property rights, must adhere strictly to constitutional protections. Courts
19           should not defer to administrative practices that undermine these rights.

20    2. **Trustee's Duty as a Common Agent:**

21         ○   As outlined in *Hatch v. Collins*, 225 Cal.App.3d 1104 (1990), "A trustee under a
22           deed of trust has neither the powers nor the obligations of a strict trustee;
23           rather, he serves as a kind of common agent for the trustor and the beneficiary."

Paul-Edward: Gilbert, Plaintiff
v.                                 Case No.                    Page **3** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1       This characterization of the trustee's role is critical in understanding the scope of

2       their duties in the non-judicial foreclosure process.

3       ○ **Common Agent Responsibility**: The role of a "common agent" means that

4       the trustee is bound to act impartially, ensuring that the rights of both the trustor

5       (borrower) and the beneficiary (lender) are respected. This impartiality is crucial,

6       particularly when a constitutional protest is raised by the trustor. In such cases,

7       the trustee's duty as an agent requires them to:

8       ▪ **Acknowledge the Protest**: The trustee must formally recognize that a

9       constitutional protest has been lodged by the trustor, as it directly

10       impacts the legality of the foreclosure process.

11       ▪ **Inform the Beneficiary**: As a common agent, the trustee is duty-bound

12       to inform the beneficiary of the protest, ensuring that the beneficiary is

13       aware that their actions are being legally contested. The trustee cannot

14       proceed with the sale without addressing the protest, as doing so would

15       violate their obligation to act fairly and reasonably.

16       ▪ **Ensure Due Process**: The trustee must ensure that due process is

17       followed before proceeding with the foreclosure. This includes verifying

18       that the beneficiary responds appropriately to the protest and that any

19       claims made by the trustor are legally addressed. The trustee's role as a

20       neutral party prohibits them from arbitrarily selling the property without

21       ensuring that the trustor's constitutional rights have been upheld.

22       ○ **Statutory Context**: Nowhere in Civil Code 2920 et seq. is the trustee granted

23       the authority to bypass the protections afforded under Civil Code § 6. Civil Code

24       § 6 preserves accrued rights, ensuring that no legal action, including foreclosure,

1 can infringe upon constitutional protections without due process. The trustee's

2 duty as a common agent requires them to adhere to these statutory protections,

3 and any deviation from this duty would constitute a breach of their obligations

4 under the law.

5 3. **Statutory Protections**:

6  o California Civil Code § 6 preserves accrued rights, ensuring that any legal action,

7   including foreclosure processes, must respect constitutional protections. This

8   statute underscores that no contractual agreement, such as a Deed of Trust, can

9   waive these fundamental rights.

10  o By failing to rebut the Plaintiff's assertions, the Defendants are estopped from

11   contesting that California Civil Code § 6 invalidates any attempt to enforce a

12   foreclosure that bypasses the Plaintiff's right to a trial by jury. This creates an

13   irrefutable presumption that the foreclosure process, as applied, violated the

14   Plaintiff's accrued rights.

15  o California Civil Code § 4, which mandates that all statutory interpretations be

16   consistent with common law principles, inherently protects the right to a trial by

17   jury. Civil Code § 6, in conjunction with Civil Code § 4, ensures a holistic

18   protection of rights, making any statutory interpretation that infringes on these

19   rights inherently flawed.

20 4. **Common Right and Reason**:

21  o Bennett v. Boggs, 1 Baldw. 60 establishes that "Statutes that violate the plain

22   and obvious principles of common right and common reason are null and void."

23   This principle is directly applicable to the non-judicial foreclosure process, which

24   inherently violates the Plaintiff's common right to a trial by jury and due process.

1    o    The Defendants' failure to respond constitutes an admission by conduct that the

2         statutes governing the foreclosure process are unreasonable and infringe upon

3         common rights. This pattern of behavior, which is part of a broader systemic

4         practice of non-compliance, strengthens the argument that the statutes enabling

5         non-judicial foreclosure are null and void under the principle established in

6         Bennett v. Boggs.

7    o    This argument is further supported by the "Strictures of the Statutes" doctrine,

8         which asserts that any deviation from statutory requirements, particularly those

9         that undermine constitutional rights, is void and indicative of a systemic failure to

10        comply with legal norms.

11   5.  **Deed of Trust & Contractual Agreements**:

12   o    The Defendants might argue that the Deed of Trust or Promissory Note included

13        provisions that limited or waived the Plaintiff's right to a trial by jury. However, it

14        is well-established that unalienable rights, such as the right to a jury trial, cannot

15        be waived through contractual agreements. Any language in these documents

16        that attempts to force the Plaintiff to give up such rights is inherently invalid and

17        unenforceable.

18   o    The silence from the Defendants serves as an admission that no valid contractual

19        waiver exists within the Deed of Trust or Promissory Note that would override the

20        Plaintiff's constitutional right to a trial by jury. This strengthens the position that

21        any such provisions are null and void.

22   o    The maxim "Jus publicum privatorum pactis mutari non potest" (A public right

23        cannot be changed by private agreement) reinforces that the Plaintiff's right to a

24        trial by jury cannot be waived or overridden by any contractual agreement.

Paul-Edward: Gilbert, Plaintiff
              v.                          Case No.                    Page **6** of **34**
Clear Recon et. al., Defendant
                    Materials in Support of Claim of Constitutional Trespass

1    6. **Judicial Notice**:

2        ○    The Mandatory Judicial Notice emphasizes that constitutional rights, including

3              those under the Seventh Amendment and California Constitution, cannot be

4              contracted away or nullified by the language in a Deed of Trust or Promissory

5              Note. Additionally, California Civil Code § 6 must be recognized as ensuring that

6              these rights are preserved in all legal processes.

7        ○    The Defendants' non-response to the stipulation agreement and Notice of Default

8              should be interpreted as an admission of the validity of the Plaintiff's rights under

9              the Seventh Amendment and California Civil Code § 6. Judicial Notice should be

10             taken to confirm that these constitutional protections have been violated,

11             rendering the foreclosure process void.

12       ○    Judicial notice should also acknowledge the importance of common law principles

13             under Civil Code § 4, ensuring that statutory interpretations do not erode

14             fundamental rights. This broader interpretation is necessary to safeguard the

15             Plaintiff's rights.

16   7. **Legal Maxims**:

17       ○    The maxim "Lex semper dabit remedium" (The law will always provide a remedy)

18             supports the Plaintiff's entitlement to a remedy for the violation of constitutional

19             rights. Additionally, "Ignorantia facti excusat, ignorantia juris non excusat"

20             (Ignorance of fact excuses, but ignorance of law does not) reinforces that the

21             Defendants cannot claim ignorance of the constitutional protections afforded to

22             the Plaintiff.

23       ○    The maxim "Jus publicum privatorum pactis mutari non potest" (A public right

24             cannot be changed by private agreement) reinforces that the Plaintiff's right to a

Paul-Edward: Gilbert, Plaintiff
       v.                                    Case No.                    Page **7** of **34**
Clear Recon et. al., Defendant
              Materials in Support of Claim of Constitutional Trespass

1       trial by jury cannot be waived or overridden by any contractual agreement.

2       Additionally, "In dubio pro libertate" (When in doubt, in favor of liberty)

3       emphasizes that any ambiguity in interpreting the foreclosure process should be

4       resolved in favor of preserving the Plaintiff's rights.

5   o   The maxim "Factum non justi ad jus non valet" (An unlawful act cannot become

6       lawful through continuance) argues that ongoing reliance on defective statutory

7       interpretations cannot legitimize the foreclosure process.

8   o   The Defendants' consistent disregard for these legal maxims is part of a broader

9       pattern and practice of undermining constitutional protections. The Defendants'

10      silence in the face of the stipulation agreement further cements their admission

11      of these maxims. As they did not rebut the Plaintiff's points, they are presumed

12      to agree that no valid legal or factual basis exists to deny the Plaintiff's rights

13      under these maxims.

14  8. **Case Law Support**:

15  o   *Haines v. Kerner*, 404 U.S. 519 (1972): Emphasizes the protection of non-

16      attorney litigants' constitutional rights and their entitlement to less stringent

17      pleading standards. This is particularly relevant in asserting the Plaintiff's right to

18      a trial by jury, as it underlines the need for courts to protect substantive rights

19      over procedural technicalities.

20  o   *Anastassoff v. United States*, 223 F.3d 898 (8th Cir. 2000): Reinforces the

21      necessity for consistent application of constitutional protections and adherence to

22      precedent. It supports the Plaintiff's position that the Defendants cannot use

23      procedural norms to override the Plaintiff's constitutional rights.

Paul-Edward: Gilbert, Plaintiff
v.                                          Case No.                    Page **8** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1      ○ *Bennett v. Boggs*, 1 Baldw. 60: This case's principle that statutes violating

2          common right and reason are null and void is directly applicable to the

3          foreclosure process, asserting that the statutes enabling such a process are

4          unconstitutional and should be struck down.

5      ○ The Defendants' failure to address the legal precedents cited in the stipulation

6          agreement and Notice of Default further solidifies the Plaintiff's reliance on these

7          cases. The lack of response is a tacit admission that these cases apply and

8          support the Plaintiff's position that the foreclosure was conducted in violation of

9          constitutional protections.

10  9. **Estoppel by Silence**:

11      ○ The Defendants' silence in response to the stipulation agreement and Notice of

12          Default estops them from contesting the facts and legal conclusions laid out by

13          the Plaintiff.

14      ○ By incorporating the principle of estoppel by silence, the Plaintiff can argue that

15          the Defendants are now barred from introducing any new arguments or evidence

16          that contradict the Plaintiff's assertions regarding the Seventh Amendment

17          violation. This leaves the Plaintiff's position uncontested and legally supported.

18      ○ The principle of Estoppel by Silence highlights the Defendants' failure to meet

19          their legal and fiduciary duties. This not only bars them from contesting the

20          Plaintiff's claims but also underscores the broader implications of their silence,

21          further supporting the Plaintiff's case.

22  10. **Admissions by Conduct**:

23      • The Defendants' non-response can be treated as an admission by conduct, affirming the

24          Plaintiff's assertions.

Paul-Edward: Gilbert, Plaintiff
        v.                    Case No.            Page **9** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1      • The Plaintiff can further strengthen the case by arguing that the Defendants' conduct (or
2         lack thereof) constitutes an implicit admission of the Seventh Amendment violation. This
3         reinforces the argument that the foreclosure process was unconstitutional and that the
4         Defendants have no legal grounds to refute this claim.

5      • The Defendants' actions (or inactions) demonstrate a pattern of non-compliance that
6         amounts to an admission of their legal failures, supported by the Strictures of the
7         Statutes doctrine.

8      **Closing Statement:**

9         The Defendants cannot rely on the Deed of Trust or Promissory Note to circumvent the
10     Plaintiff's constitutional right to a trial by jury. Any language in these documents that purports
11     to waive such unalienable rights is void and unenforceable. The Defendants are presumed to
12     know the law, and their actions in proceeding with the foreclosure without respecting these
13     rights constitute a willful disregard for established legal principles. The quasi-judicial nature of
14     the trustee's role and the Chevron Deference standard further emphasize that courts should not
15     defer to administrative practices that undermine constitutional rights. California Civil Code § 6
16     further supports the Plaintiff's position by ensuring that constitutional rights are preserved and
17     cannot be abrogated by any contractual agreement. The principles of estoppel by silence and
18     admissions by conduct further cement the Defendants' failure to contest the violation of these
19     rights.

20     **Second Cause of Action: Breach of Duty by Trustee**

21     **Summary:**

22        The Defendants, particularly Clear Recon Corp (CRC) in its role as the trustee, violated
23     their fiduciary and legal duties by failing to act impartially and fairly in the foreclosure process.
24     This cause of action highlights CRC's obligations as a trustee, the implications of its fictitious

Paul-Edward: Gilbert, Plaintiff
        v.                                    Case No.                    Page **10** of **34**
Clear Recon et. al., Defendant
                    Materials in Support of Claim of Constitutional Trespass

1 nature as a corporate entity, and the conflict of interest arising from its close ties with Aldridge

2 Pite LLP. The failure to address the Plaintiff's constitutional protest and the pattern of non-

3 compliance demonstrate a deliberate disregard for legal and ethical standards.

4 **Detailed Analysis:**

5 1. **Trustee's Role and Legal Obligations:**

6 o **Trustee's Duty to Both Parties**: As established in *Hatch v. Collins*, 225

7 Cal.App.3d 1104 (1990), the trustee under a deed of trust serves as a common

8 agent for both the trustor (borrower) and the beneficiary (lender). This role

9 imposes a duty on the trustee to act impartially, ensuring that the rights of both

10 parties are respected. The trustee must conduct the foreclosure process "fairly,

11 openly, reasonably, and with due diligence," safeguarding the trustor's

12 constitutional rights while fulfilling the obligations owed to the beneficiary.

13 o **Clear Recon Corp (CRC) as Trustee**: In its capacity as the trustee, Clear

14 Recon Corp (CRC) was legally obligated to uphold these duties. This includes the

15 responsibility to properly address any constitutional protests raised by the trustor.

16 CRC's failure to do so represents a breach of its legal obligations as a trustee,

17 thereby undermining the trustor's rights and the integrity of the foreclosure

18 process.

19 2. **Fictitious Nature of the Trustee Entity**:

20 o **CRC as a Fictitious Entity**: Clear Recon Corp is not a living person but a

21 corporate entity, which inherently lacks the capacity to exercise judgment or

22 discretion in the same way that a living man or woman could. The officers and

23 agents of CRC should have sought competent legal counsel to assist in making

24 decisions as important as responding to a constitutional protest.

1        ○  **Need for Legal Counsel**: Competent legal counsel exists at the same address as CRC. The law firm Aldridge Pite LLP, where Steven Pite, Esq. is a Senior Partner and the incorporator of CRC in 2012, and where Casper Rankin, Esq. is a Supervising Partner and the registered agent for CRC, would indicate that CRC had access to legal counsel. The fact that a high-level partner was duly informed when the Plaintiff sent the constitutional protest underscores the expectation that CRC should have properly addressed the protest. The absence of appropriate legal action or the failure of legal counsel to respond appropriately exacerbates CRC's breach of its duties, reflecting a disregard for the significant legal implications of the constitutional protest and further violating the trustor's rights.

3.  **Tight Bond Between CRC and Aldridge Pite**:

    ○  **Interconnected Roles**: The close relationship between CRC and Aldridge Pite, as evidenced by shared personnel and overlapping roles, creates a situation where the trustee's impartiality is compromised. This tight bond raises serious questions about whether CRC, as trustee, can truly act in the best interest of both parties, as required by law.

    ○  **Conflict of Interest**: The overlap between CRC and Aldridge Pite suggests a potential conflict of interest, where decisions made by the trustee may be unduly influenced by considerations that favor the beneficiary at the expense of the trustor. This is especially concerning in the context of a constitutional protest, where the trustor's rights must be vigilantly protected. CRC's failure to act impartially and its failure to address the constitutional protest further underscore this conflict.

Paul-Edward: Gilbert, Plaintiff
v.                            Case No.                  Page **12** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1     4. **Pattern and Practice of Non-Compliance**:

2         ○  **Systemic Issues**: The actions (or inactions) of CRC, in concert with Aldridge

3             Pite, reflect a broader pattern and practice of non-compliance with legal

4             obligations. This systemic failure to adhere to statutory requirements and to

5             respect constitutional rights is not merely an oversight but part of a deliberate

6             strategy to circumvent the legal protections afforded to the trustor.

7         ○  **Implications for Due Process**: By failing to properly engage with the

8             constitutional protest, CRC has not only violated its duties as a trustee but has

9             also undermined the due process rights of the trustor. This pattern of non-

10            compliance is indicative of a broader disregard for the legal standards that

11            govern foreclosure proceedings and the constitutional protections that are

12            supposed to safeguard the trustor's rights.

13    5. **Legal and Ethical Violations**:

14         ○  **Breach of Duty and Ethical Standards**: CRC's failure to fulfill its obligations

15            as a trustee, coupled with the apparent conflict of interest stemming from its

16            relationship with Aldridge Pite, constitutes a clear breach of both legal duties and

17            ethical standards. The trustee's role is one of significant responsibility, requiring

18            the highest level of integrity and impartiality. CRC's actions fall far short of these

19            requirements, resulting in a violation of the trustor's rights and the legal

20            standards that govern the foreclosure process.

21         ○  **Need for Accountability**: Given the severity of these violations, it is imperative

22            that CRC and its associated legal counsel be held accountable for their actions.

23            The breach of duty by the trustee, as demonstrated by the mishandling of the

24            constitutional protest and the underlying conflict of interest, demands legal

Paul-Edward: Gilbert, Plaintiff
v.                Case No.           Page **13** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1        redress to protect the trustor's rights and to uphold the integrity of the legal

2        system.

3    **Closing Statement:**

4    Clear Recon Corp (CRC), in its role as trustee, has demonstrated a blatant disregard for

5    its legal and ethical obligations by failing to address the Plaintiff's constitutional protest and by

6    engaging in a pattern of non-compliance that undermines the trustor's rights. The tight bond

7    between CRC and Aldridge Pite, coupled with the inherent conflict of interest arising from their

8    interconnected roles, further exacerbates the breach of duty. CRC's actions not only violate the

9    trustor's constitutional rights but also contravene the legal standards that govern the

10    foreclosure process. The Plaintiff seeks legal redress to hold CRC and its associated legal

11    counsel accountable for these violations and to ensure that the integrity of the legal system is

12    upheld.

13    **Third Cause of Action: Negligence / Gross Negligence**

14    **Summary:**

15    The Defendants, particularly Clear Recon Corp (CRC) in its role as trustee, and Aldridge

16    Pite LLP, demonstrated gross negligence by failing to exercise the standard of care required by

17    law in handling the foreclosure process. This cause of action asserts that CRC, as a fictitious

18    entity, had a duty to seek competent legal counsel to address the Plaintiff's constitutional

19    protest, a duty which was further emphasized by the close relationship between CRC and

20    Aldridge Pite LLP. The failure to verify the validity of the assignment, to recognize the

21    constitutional protest, and to ensure the foreclosure was conducted lawfully, constitutes a

22    serious breach of duty. This negligence directly resulted in significant harm to the Plaintiff,

23    including economic loss, emotional distress, and other damages. The court must provide a

Paul-Edward: Gilbert, Plaintiff
      v.               Case No.           Page **14** of **34**
Clear Recon et. al., Defendant
    Materials in Support of Claim of Constitutional Trespass

1 remedy for this gross negligence to uphold the legal and ethical standards that govern the

2 foreclosure process.

3 **Detailed Analysis:**

4 1. **Duty of Care:**

5 o **Legal Obligation:** Negligence occurs when a party fails to exercise the level of

6 care that a reasonably prudent person would under similar circumstances,

7 resulting in harm to another party. Gross negligence is a more severe form of

8 negligence, where the party's actions show a reckless disregard for the safety or

9 rights of others. In this case, the Defendants, particularly Clear Recon Corp

10 (CRC) as trustee, and its agents, including Casper Rankin, Esq., a Supervising

11 Partner at Aldridge Pite LLP, had a duty of care to the Plaintiff. This duty required

12 them to ensure that the foreclosure process was conducted lawfully, ethically,

13 and in compliance with all relevant legal standards, particularly those protecting

14 the Plaintiff's constitutional rights.

15 2. **Breach of Duty:**

16 o **Failure to Address Constitutional Protest:** The Defendants breached their

17 duty of care by proceeding with a foreclosure process that disregarded the

18 Plaintiff's constitutional protest, which was included in the Peremptory Notice.

19 This failure to recognize and act upon the protest constitutes a serious breach of

20 duty, as the protest should have triggered a thorough legal review and careful

21 consideration of the Plaintiff's rights.

22 o **Void Assignment and Lack of Verification:** The Defendants also breached

23 their duty by proceeding with a foreclosure based on a potentially void

24 assignment, without conducting proper verification. The failure to ensure the

Paul-Edward: Gilbert, Plaintiff
v.        Case No.        Page **15** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1    validity of the assignment and the legality of the foreclosure process
2    demonstrates a reckless disregard for the Plaintiff's rights, elevating the
3    negligence to gross negligence.

4    o **Role of Legal Counsel:** As a fictitious entity, CRC relied on its agents,
5    particularly its legal counsel at Aldridge Pite LLP, to navigate the legal
6    complexities of the foreclosure process. The failure of these legal professionals to
7    provide competent advice and to address the constitutional protest represents a
8    severe breach of their duty of care. Given the close relationship between CRC
9    and Aldridge Pite, and the involvement of high-level partners like Casper Rankin,
10   Esq., this breach is particularly egregious.

11   3. **Causation and Harm:**

12   o **Direct Impact on Plaintiff:** The Defendants' breach of their duty of care
13   directly caused harm to the Plaintiff. The wrongful foreclosure based on a void
14   assignment, coupled with the neglect of the constitutional protest, led to
15   significant and ongoing harm to the Plaintiff, including economic losses, damage
16   to credit, emotional distress, and other financial damages. These harms are the
17   direct result of the Defendants' negligent actions, which set in motion the events
18   leading to the foreclosure.

19   o **Proximate Cause:** The actions (or inactions) of the Defendants, particularly
20   those of CRC, Casper Rankin, Esq., and the legal team at Aldridge Pite, were the
21   proximate cause of the Plaintiff's damages. Their collective failure to exercise due
22   diligence and to address the constitutional protest directly resulted in the
23   Plaintiff's wrongful foreclosure and the subsequent harm.

24   4. **Judicial Notice & Legal Maxims:**

Paul-Edward: Gilbert, Plaintiff
v.                                    Case No.                    Page **16** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1         ○ **Standard of Care and Legal Obligations:** The Mandatory Judicial Notice
2             requires the court to recognize the standard of care that the Defendants were
3             expected to meet. The maxim "Culpa lata dolo aequiparatur" (Gross negligence is
4             equivalent to fraud) is particularly relevant if the court finds that the Defendants'
5             actions amounted to gross negligence. Additionally, "Lex semper dabit
6             remedium" (The law will always provide a remedy) supports the need for the
7             court to remedy the harm caused by the Defendants' negligence and to provide
8             justice to the Plaintiff.

9   5. **Evidence of Negligence:**

10        ○ **Disregard for Legal Standards:** The evidence of negligence is clear in the
11             Defendants' failure to adhere to the legal requirements set forth in California Civil
12             Code §§ 6 and 2924, and their disregard for the Recission for Fraud. The lack of
13             proper verification of the assignment's validity and the failure to address the
14             constitutional protest further highlight the gross negligence involved.

15        ○ **Role of Legal Counsel:** The involvement of legal professionals at Aldridge Pite
16             LLP, including Casper Rankin, Esq., in these failures, further supports the claim of
17             gross negligence. As legal counsel to CRC, they had a responsibility to ensure
18             that the foreclosure process was legally justified and that the Plaintiff's
19             constitutional rights were protected. Their failure to do so, particularly in light of
20             the constitutional protest, demonstrates a reckless disregard for their legal and
21             ethical obligations.

22   6. **Case Law Support:**

23        ○ **Rowland v. Christian, 69 Cal.2d 108 (1968):** This case establishes the
24             general duty of care principle in California, which requires individuals to act with

1        reasonable care to prevent harm to others. The court in Rowland emphasized

2        that a breach of this duty that causes harm constitutes negligence.

3        ○ **Burgess v. Superior Court, 2 Cal.4th 1064 (1992):** This case discusses the

4            heightened duty of care in fiduciary relationships and the severe consequences

5            of breaching that duty, which can result in gross negligence. The Defendants'

6            failure to adhere to their fiduciary duties as trustees and legal counsel aligns with

7            the principles established in Burgess.

8    7. **Casper Rankin's Role and Aldridge Pite LLP's Liability:**

9        ○ **Casper Rankin's Role:** As the Registered Agent for CRC and a Supervising

10           Partner at Aldridge Pite LLP, Casper Rankin, Esq. had a heightened duty of care

11           to ensure that the foreclosure was conducted lawfully and ethically. His failure to

12           verify the legal authority for the foreclosure, to recognize the constitutional

13           protest, and to provide a license upon demand constitutes gross negligence. His

14           actions, or lack thereof, directly contributed to the harm suffered by the Plaintiff.

15       ○ **Aldridge Pite LLP's Liability:** As the legal counsel advising CRC, Aldridge Pite

16           LLP shares liability for the gross negligence that occurred. Their involvement in

17           facilitating the foreclosure without proper legal authority and their failure to

18           address the constitutional protest make them equally responsible for the

19           damages suffered by the Plaintiff.

20   **Closing Statement:**

21       The Defendants, particularly Clear Recon Corp (CRC) and Aldridge Pite LLP,

22   demonstrated gross negligence by failing to adhere to the standard of care required in handling

23   the foreclosure process. Their reckless disregard for the Plaintiff's constitutional rights and their

24   failure to address the constitutional protest resulted in significant harm to the Plaintiff. The

Paul-Edward: Gilbert, Plaintiff
        v.                                    Case No.                    Page **18** of **34**
Clear Recon et. al., Defendant
                    Materials in Support of Claim of Constitutional Trespass

1    court must recognize this negligence and provide appropriate remedies to address the damages

2    suffered by the Plaintiff, holding the Defendants accountable for their grossly negligent actions.

3    **Fourth Cause of Action: Violation of Due Process Rights**

4        **Summary:**

5        This section details the specific violations of the Plaintiff's due process rights during the

6    foreclosure process. The Defendants, particularly Clear Recon Corp (CRC), Aldridge Pite LLP,

7    and Casper Rankin, Esq., failed to adhere to the constitutional and statutory requirements

8    necessary to ensure a lawful foreclosure. The evidence demonstrates that the foreclosure was

9    conducted based on a void assignment, without proper notice, and in disregard of the Plaintiff's

10    constitutional protest and California Civil Code §§ 6 and 2920 et seq. The failure to provide due

11    process resulted in the unlawful deprivation of the Plaintiff's property, necessitating judicial

12    intervention to remedy this violation.

13        **Detailed Analysis:**

14    1. **Constitutional Guarantee of Due Process**:

15        o   The Due Process Clauses of the U.S. Constitution (Fifth and Fourteenth

16            Amendments) guarantee that no person shall be deprived of life, liberty, or

17            property without due process of law. In the context of foreclosure, due process

18            means that the homeowner must be given adequate notice, a fair opportunity to

19            contest the foreclosure, and that the process itself must adhere to the law.

20            California Civil Code § 2920 et seq. imposes procedural safeguards to ensure that

21            foreclosures are conducted fairly and lawfully.

22    2. **Failure to Provide Adequate Notice and Opportunity to Be Heard**:

23        o   The Defendants, specifically Clear Recon Corp (CRC), their putative legal counsel

24            Aldridge Pite LLP, and the putative Client Manager and Registered Agent for the

Paul-Edward: Gilbert, Plaintiff
      v.                        Case No.                Page **19** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1      San Diego office of Clear Recon Corp, Casper Rankin, Esq., along with his agents

2      or assigns, failed to provide the Plaintiff with adequate notice and a fair

3      opportunity to contest the foreclosure. The foreclosure was initiated based on a

4      void assignment, despite the Recission for Fraud challenging the legality of the

5      foreclosure. The Plaintiff was not given a fair chance to defend their property

6      rights before the foreclosure proceeded, violating the Plaintiff's constitutional

7      right to due process.

8   3. **Due Process in Non-Judicial Foreclosures**:

9       ○ Although non-judicial foreclosures, like the one at issue here, do not involve

10      court proceedings, they are still subject to due process requirements. This

11      includes ensuring that the foreclosure is conducted according to the law and that

12      the Plaintiff's rights are respected. California Civil Code § 2920 et seq. provides

13      specific procedures that must be followed to satisfy due process, including proper

14      notice, verification of the lender's authority, and adherence to statutory timelines.

15      The Defendants, particularly Clear Recon Corp (CRC) and their legal counsel

16      Aldridge Pite LLP, along with Casper Rankin, Esq., his agents or assigns, failed to

17      follow these procedures. The absence of any mention of California Civil Code § 6

18      in the notices further violated due process, as the Plaintiff was not fully informed

19      of their constitutional and accrued rights. While the notice mentions § 2923.3

20      and advises the recipient to consult an attorney, it fails to mention the

21      constitutional rights protected under Civil Code § 6. This omission constitutes a

22      clear violation of the Plaintiff's due process rights, as the foreclosure was carried

23      out without adhering to the necessary legal and constitutional safeguards.

24   4. **Impact of the Void Assignment**:

Paul-Edward: Gilbert, Plaintiff
     v.            Case No.          Page **20** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1                o   The void assignment meant that NewRez LLC and Clear Recon Corp did not have

2                     the legal standing to foreclose. Proceeding with the foreclosure despite this lack

3                     of standing deprived the Plaintiff of their property without due process, as the

4                     foreclosure was not legally justified. This violation of due process rights is further

5                     compounded by the failure of Casper Rankin, Esq., his agents or assigns, to

6                     verify the legality of the foreclosure before advising Clear Recon Corp to proceed.

7     5. **Judicial Notice & Legal Maxims**:

8                o   The Mandatory Judicial Notice requires the court to recognize that due process

9                     rights are fundamental and must be respected in all legal actions, including

10                   foreclosure. The maxim "Audi alteram partem" (Let the other side be heard as

11                   well) applies here, emphasizing that the Plaintiff was not given a fair opportunity

12                   to present their case or challenge the foreclosure. The maxim "Lex semper dabit

13                   remedium" (The law will always provide a remedy) supports the need for the

14                   court to remedy the violation of the Plaintiff's due process rights.

15     6. **Evidence of Due Process Violations**:

16               o   The evidence includes the failure of the Defendants to provide proper notice, the

17                   lack of legal authority due to the void assignment, and the disregard for the

18                   Recission for Fraud. These actions demonstrate a clear violation of the Plaintiff's

19                   due process rights, as the foreclosure proceeded without giving the Plaintiff a fair

20                   chance to contest it or without following the legal procedures required by

21                   California Civil Code §§ 6 and 2920 et seq.

22     7. **Case Law Support**:

23               o   *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950): Establishes

24                   that due process requires notice and an opportunity to be heard before any legal

Paul-Edward: Gilbert, Plaintiff
v.                         Case No.               Page **21** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1          action that affects a person's rights is taken. The court in *Mullane* emphasized
2          the importance of fair procedures in ensuring that parties are not deprived of
3          their rights without proper legal justification.

4       ○   *Garcia v. Federal National Mortgage Association*, 183 Cal.App.4th 1031 (2010):
5          Discusses due process in the context of foreclosure and emphasizes the need for
6          strict adherence to statutory procedures to ensure that homeowners' rights are
7          protected.

8       ○   *Bennett v. Boggs*, 1 Baldw. 60: Reinforces the principle that statutes or actions
9          violating common right and reason are null and void, further supporting the
10          Plaintiff's position that the foreclosure process, as conducted, was
11          unconstitutional.

12   8. **Casper Rankin's Role**:

13       ○   **Legal Duty:** Casper Rankin, Esq., as the attorney advising Clear Recon Corp,
14          had a duty to ensure that the foreclosure process respected the Plaintiff's due
15          process rights. His failure to verify the legality of the foreclosure, ensure proper
16          notice, or address the Recission for Fraud before advising Clear Recon Corp to
17          proceed constitutes a violation of the Plaintiff's due process rights. His actions, or
18          lack thereof, contributed to the potential deprivation of the Plaintiff's property
19          without the fair legal process guaranteed under the Constitution.

20     **Closing Statement:**

21      The Defendants, including Clear Recon Corp (CRC) and their legal counsel Aldridge Pite

22 LLP, along with Casper Rankin, Esq., violated the Plaintiff's due process rights by proceeding

23 with a foreclosure based on a void assignment without providing proper notice or a fair

24 opportunity to contest the action. The foreclosure was carried out without the legal authority

Paul-Edward: Gilbert, Plaintiff
     v.                   Case No.           Page **22** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1  required by law, depriving the Plaintiff of their property without due process. The court must

2  recognize this violation and provide appropriate remedies to address the harm caused.

3  **Fifth Cause of Action: Constructive Fraud**

4  **Summary:**

5  The Defendants, particularly Casper Rankin, Esq., engaged in constructive fraud by

6  failing to disclose the true nature of the assignment and their lack of authority to foreclose. This

7  cause of action asserts that the foreclosure was the result of misleading actions and omissions

8  that violated the Defendants' fiduciary duties and caused harm to the Plaintiff.

9  **Detailed Analysis:**

10  1. **Definition of Constructive Fraud**:

11  ○ Constructive fraud occurs when a breach of duty results in harm to another

12  party, even without the intent to deceive. It often arises in fiduciary relationships,

13  where one party has a duty to act in the best interest of another. The actions of

14  Clear Recon Corp (CRC), NewRez LLC, Shellpoint Mortgage Servicing, and Casper

15  Rankin, Esq. may have constituted constructive fraud by misleading the Plaintiff

16  and the court regarding their authority and the validity of the foreclosure.

17  2. **Elements of Constructive Fraud**:

18  ○ Constructive fraud involves a breach of legal or equitable duty that leads to an

19  advantage for the party at fault or harm to the party relying on the

20  misrepresentation. The Plaintiff relied on the representations made by the

21  Defendants regarding the validity of the assignment and their authority to

22  foreclose. The Defendants' failure to disclose the true nature of the assignment,

23  especially after the Recission for Fraud was issued, misled the Plaintiff and the

24  court, resulting in the wrongful foreclosure.

Paul-Edward: Gilbert, Plaintiff
v.                          Case No.                    Page **23** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1      3. **Breach of Fiduciary Duty**:

2          ○  As fiduciaries, Clear Recon Corp (CRC) and Casper Rankin, Esq. were obligated to

3               act in the best interest of the Plaintiff and to disclose any material facts that

4               could affect the Plaintiff's rights. Their failure to disclose the invalidity of the

5               assignment and their lack of legal authority to foreclose constitutes a breach of

6               this fiduciary duty, leading to constructive fraud.

7      4. **Judicial Notice & Legal Maxims**:

8          ○  The Mandatory Judicial Notice requires the court to recognize the elements of

9               constructive fraud when a party's actions mislead another and cause harm, even

10              without explicit intent to deceive. The maxim "Caveat emptor" (Let the buyer

11              beware) is inverted in this context, as the Plaintiff was misled by those in

12              positions of trust. Additionally, "Lex semper dabit remedium" (The law will always

13              provide a remedy) supports the need for judicial intervention to address the

14              harm caused.

15      5. **Evidence of Constructive Fraud**:

16          ○  The Recission for Fraud issued by the Plaintiff clearly outlined that NewRez LLC

17              and Shellpoint Mortgage Servicing had no legal authority to foreclose due to a

18              void assignment. The Defendants' failure to address this issue and their

19              continued actions in enforcing the foreclosure, despite knowing the assignment

20              was void, misled the Plaintiff and the court, resulting in a wrongful foreclosure.

21          ○  Casper Rankin, Esq., by failing to provide his license upon demand and

22              potentially misrepresenting his authority, further contributed to this constructive

23              fraud. His actions, whether through omission or commission, misled the Plaintiff

24              regarding his legal standing and the legitimacy of the foreclosure process.

6. **Case Law Support**:

   o *Wells Fargo Bank v. Gump*, 1 Cal.App.4th 582, 2 Cal. Rptr. 2d 269 (Cal. Ct. App. 1991): This case illustrates that constructive fraud can occur even in the absence of intent to deceive, particularly in fiduciary relationships where one party fails to disclose material information, leading to harm. The court in *Gump* recognized that a breach of fiduciary duty resulting in an unfair advantage or harm to another party can constitute constructive fraud.

   o *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016): Supports the Plaintiff's right to challenge the foreclosure based on a void assignment, directly relating to the issue of constructive fraud where the Defendants misrepresented their authority to foreclose.

7. **Casper Rankin's Role**:

   o **Fiduciary Duty and Misrepresentation:** Casper Rankin, Esq., as the Registered Agent for Clear Recon Corp and a Supervising Partner at Aldridge Pite LLP, had a fiduciary duty to act transparently and in the best interest of the Plaintiff. His failure to disclose his legal authority and the legitimacy of the foreclosure process, particularly in light of the Recission for Fraud, constitutes constructive fraud. His actions misled the Plaintiff and the court, resulting in harm that must be addressed.

**Closing Statement:**

The Defendants, including Casper Rankin, Esq., engaged in constructive fraud by misleading the Plaintiff and the court regarding their authority to foreclose. Their actions, whether through omission or misrepresentation, violated their fiduciary duties and resulted in

1 harm to the Plaintiff. The court must recognize this constructive fraud and provide appropriate

2 remedies to address the wrongful foreclosure and the breach of duty that occurred.

3 **Sixth Cause of Action: Unjust Enrichment**

4 **Summary:**

5 NewRez LLC, Clear Recon Corp (CRC), and Casper Rankin, Esq. were unjustly enriched

6 by the proceeds and payments they received through a wrongful foreclosure. This cause of

7 action asserts that it would be inequitable for these parties to retain these benefits, and the

8 court must provide a remedy to address this unjust enrichment.

9 **Detailed Analysis:**

10 1. **Definition of Unjust Enrichment**:

11     o Unjust enrichment occurs when one party benefits at the expense of another

12     under circumstances where it would be inequitable for them to retain that benefit

13     without compensating the other party. In this case, multiple parties—NewRez

14     LLC, Clear Recon Corp (CRC), Aldridge Pite LLP, and Casper Rankin, Esq.—were

15     unjustly enriched through the wrongful foreclosure process, each receiving

16     financial benefits at the expense of Citibank, N.A., who held a financial interest in

17     the property.

18 2. **Unjust Enrichment of NewRez LLC:**

19     o NewRez LLC received full settlement through the foreclosure process, despite the

20     foreclosure being based on a void assignment and challenged by the Recission

21     for Fraud. NewRez was unjustly enriched by the proceeds from the wrongful

22     foreclosure, as they were obtained without the legal authority to foreclose.

23     Retaining these funds is inequitable because they were acquired through a

1  process that violated the Plaintiff's rights and failed to adhere to statutory and
2  constitutional safeguards.

3  **3. Unjust Enrichment of Clear Recon Corp (CRC):**

4  - ○ Clear Recon Corp, acting as the trustee, was paid for its services in facilitating
5    the foreclosure. However, the foreclosure was conducted based on a void
6    assignment, making the services provided by Clear Recon Corp unlawful. Clear
7    Recon Corp was unjustly enriched by receiving payment for facilitating a
8    foreclosure that they had no lawful authority to execute. The trustee's role in
9    enforcing a void foreclosure, despite being paid for these services, constitutes a
10   clear case of unjust enrichment.

11 **4. Unjust Enrichment of Casper Rankin, Esq.:**

12 - ○ Casper Rankin, Esq., as the Supervising Partner at Aldridge Pite LLP and
13   Registered Agent for Clear Recon Corp, received payment for legal services
14   related to the foreclosure. Casper Rankin was unjustly enriched by receiving
15   payment for legal services that facilitated an unlawful foreclosure. His failure to
16   verify the legitimacy of the foreclosure, particularly in light of the Recission for
17   Fraud, and his refusal to provide his license upon lawful demand, allowed him to
18   benefit financially from actions that violated the Plaintiff's rights.

19 **5. Judicial Notice & Legal Maxims:**

20 - ○ The Mandatory Judicial Notice requires the court to recognize the equitable
21   principle that no party should be allowed to profit from unlawful actions. The
22   maxim "Nemo debet locupletari ex alieno damno" (No one ought to enrich
23   himself at the expense of another's damage) applies directly, emphasizing that
24   the Defendants must not retain benefits gained through wrongful means.

Paul-Edward: Gilbert, Plaintiff
v.                                    Case No.                    Page **27** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

1     Additionally, "Ex aequo et bono" (According to what is equitable and good)

2     supports the court's intervention to require restitution or compensation for unjust

3     enrichment.

4  6. **Evidence of Unjust Enrichment**:

5     o **NewRez LLC**: The wrongful receipt of settlement funds through the foreclosure.

6     o **Clear Recon Corp**: Payment for trustee services that were rendered unlawfully

7     due to the void assignment.

8     o **Casper Rankin, Esq.**: Payment for legal services that facilitated the unlawful

9     foreclosure without verifying its legality or providing his license.

10     o **Citibank, N.A.**: Citibank, as the second mortgage holder, purchased the first

11     mortgage to protect its interest in the second. As a party of interest, Citibank

12     should be compensated in any restitution.

13  7. **Case Law Support**:

14     o *Ghirardo v. Antonioli*, 14 Cal.4th 39 (1996): Establishes that a party unjustly

15     enriched at another's expense is obligated to make restitution. The court in

16     *Ghirardo* emphasized that where benefits have been unjustly retained, equity

17     requires those benefits to be returned or compensated.

18     o *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723 (2000): Supports the principle that

19     unjust enrichment is actionable when one party has been enriched through

20     wrongful means, and the law demands restitution to prevent unjust outcomes.

21  **Closing Statement:**

22    The Defendants—NewRez LLC, Clear Recon Corp (CRC), and Casper Rankin, Esq.—were

23  each unjustly enriched through their involvement in the unlawful foreclosure. Each party

24  received financial benefits that were wrongfully obtained at the expense of the Plaintiff and

Paul-Edward: Gilbert, Plaintiff
   v.        Case No.     Page **28** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

| 1 | Citibank, N.A. The court must recognize this unjust enrichment and order the Defendants to |
| 2 | make restitution or provide compensation for the benefits they unjustly retained. |

<div align="center">

**III. Annexed Documents**

</div>

4 **A. Peremptory Notice to Clear Recon Corp** and **Casper Rankin, Esq.** (May 18,
5 2024)

6     o **Cease and Desist Demand:** The Peremptory Notice demands that Clear Recon
7        Corp (CRC) and Casper Rankin, Esq. immediately cease all nonjudicial foreclosure
8        actions on the property located at 11782 Blackberry Place, Nevada City,
9        California, due to identified constitutional violations and breaches of fiduciary
10        duty.

11     o **Notification of Recission for Fraud:** The Notice formally informs CRC of the
12        Recission for Fraud, challenging the legitimacy of the mortgage and asserting
13        that any foreclosure actions undertaken without addressing this recission would
14        be unlawful and void ab initio.

15     o **Request for Documentation:** A key component of the Notice is the demand
16        that Casper Rankin, Esq., in his capacity as a supervising partner and registered
17        agent for CRC, provide a copy of his license to practice law, as required under
18        the California Public Records Act. This request emphasizes the need for
19        transparency and the verification of legal authority.

20     o **Suspension of Trustee Sale:** The Notice demands the immediate suspension
21        of any trustee sale until such time as a trial by jury has adjudicated the matter,
22        asserting the Plaintiff's unalienable right under the Seventh Amendment to a trial
23        by jury.

Paul-Edward: Gilbert, Plaintiff
      v.                  Case No.                Page **29** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1        o **Audit Request:** An audit of all financial documents related to the mortgage and
2            its modifications is requested, emphasizing the necessity of a thorough
3            investigation before any further legal actions are taken.

4        o **Stipulation to Material Facts:** The Notice details a series of material facts
5            that, if not rebutted by CRC, will be deemed accepted by default. These include
6            challenges to the legality of the original mortgage and the legal standing of the
7            entities involved in the foreclosure process.

8        o **Constitutional Rights Emphasis:** The Notice underscores the Plaintiff's
9            constitutional rights under the Fifth, Sixth, Seventh, Ninth, and Tenth
10           Amendments, asserting that any action taken without due process and the
11           guarantee of a jury trial would constitute a violation of these fundamental rights.

12   **B. Notice of Fault – California Public Record Act (CPRA) Request** (June 8,
13      2024)

14        o **Overview:** This document serves as a formal notice of fault directed at Casper
15           Rankin, Esq., following his failure to comply with a previous CPRA request. It
16           underscores the non-compliance with the CPRA, particularly regarding the
17           request for a copy of Rankin's license to practice law. Additionally, Clear Recon
18           Corp (CRC) was notified of Rankin's failure to respond, further highlighting the
19           Defendants' disregard for legal obligations and supporting the Plaintiff's claims of
20           non-compliance and potential concealment. This notice strengthens the Plaintiff's
21           legal position against the Defendants.

22   **C. Corporate Filings and Evidence of Officer Roles**

23        o Documentation confirming the identities and roles of the officers of Clear Recon
24           Corp.

Paul-Edward: Gilbert, Plaintiff
v.                 Case No.           Page **30** of **34**
Clear Recon et. al., Defendant
Materials in Support of Claim of Constitutional Trespass

**IV. Summary**

2          **Introduction to the Summary**

3                  This summary encapsulates the comprehensive analysis and legal arguments presented

4          in the **Materials in Support of Claim**. It reflects the gravity of the violations committed by

5          the Defendants and underscores the necessity for judicial intervention to rectify the harm

6          caused to the Plaintiff.

7          **Overview of Claims**

8                  The Plaintiff has brought forth 15 distinct causes of action against the Defendants, each

9          supported by substantial legal precedent and factual evidence. These causes of action include:

10         Violation of the Seventh Amendment - Right to Trial by Jury; Breach of Fiduciary Duty; Wrongful

11         Foreclosure; By What Lawful Authority?; Negligence / Gross Negligence; Civil Conspiracy; Unjust

12         Enrichment; Violation of Due Process Rights; Failure to Satisfy the Stricture of the Statutes;

13         Declaratory Relief; Breach of Contract; Constructive Fraud; Fraud upon the Court; Violation of

14         Oath of Office and Professional Duties; and Wrongful Burden on the Homeowner. Collectively,

15         these claims reveal a pattern of egregious conduct by the Defendants, warranting significant

16         legal remedies.

17         **Key Legal Principles and Violations**

18         1. **Constitutional Violations**

19                  ○     The Defendants' actions have infringed upon the Plaintiff's constitutional rights,

20                        particularly the Seventh Amendment's guarantee of a trial by jury and the due

21                        process protections under the Fifth Amendment. These violations strike at the

22                        core of the Plaintiff's legal rights and demand judicial correction.

23         2. **Breach of Fiduciary and Professional Duties**

Paul-Edward: Gilbert, Plaintiff
        v.                                    Case No.                        Page **31** of **34**
Clear Recon et. al., Defendant

Materials in Support of Claim of Constitutional Trespass

1         o   The Defendants, especially Clear Recon Corp and Casper Rankin, Esq., have

2               blatantly breached their fiduciary and professional duties. These breaches include

3               ignoring the void assignment, disregarding the Plaintiff's **Recission for Fraud**,

4               and proceeding with a wrongful foreclosure, thereby betraying the trust placed in

5               them by the Plaintiff.

6   3. **Fraud and Misconduct**

7         o   The Defendants engaged in deliberate fraud and misconduct, including fraud

8               upon the court, which corrupted the judicial process and resulted in unjust

9               actions against the Plaintiff. This fraudulent behavior has not only caused direct

10              harm to the Plaintiff but also undermined the integrity of the legal system.

11   4. **Wrongful Foreclosure and Negligence**

12       o   The Defendants wrongfully foreclosed on the Plaintiff's property, acting without

13             lawful authority and in violation of statutory requirements. Their negligent

14             actions, including failure to verify legal standing and ignoring critical legal

15             obligations, have caused substantial damage to the Plaintiff.

16   **Impact on the Plaintiff**

17   1. **Financial Harm**

18       o   The unlawful actions of the Defendants have led to severe financial losses for the

19             Plaintiff, including the wrongful loss of property, diminished property value, and

20             associated legal costs.

21   2. **Emotional and Reputational Damage**

22       o   Beyond financial harm, the Plaintiff has suffered significant emotional distress

23             and reputational damage as a result of the Defendants' actions. The stress and

1        hardship caused by defending against an unlawful foreclosure and fighting for

2        justice have taken a profound toll on the Plaintiff.

3  **Remedies Sought**

4  1. **Compensatory Damages**

5       ○  The Plaintiff seeks compensatory damages to redress the financial and emotional

6         harm suffered due to the Defendants' unlawful actions.

7  2. **Punitive Damages**

8       ○  Punitive damages are warranted to punish the Defendants for their willful and

9         malicious conduct, particularly the fraud and breaches of professional duty, and

10        to deter such behavior in the future.

11  3. **Injunctive and Declaratory Relief**

12       ○  The Plaintiff requests injunctive relief to prevent further unlawful actions by the

13         Defendants and declaratory relief to clarify the legal rights and obligations of all

14         parties involved, ensuring that such violations do not recur.

15  4. **Restitution**

16       ○  Restitution is sought to recover any unjust gains obtained by the Defendants as a

17         result of their wrongful actions, ensuring that the Plaintiff is made whole and that

18         the Defendants do not profit from their misconduct.

19  **Summary**

20    In summary, the Plaintiff seeks not only to rectify the wrongs done but to reaffirm the

21  fundamental principles of justice and fairness that underpin the legal system. The Defendants

22  must be held accountable for their actions, and the Plaintiff's rights must be vindicated. The

23  Court's intervention is necessary to ensure that justice is served, and that such egregious

24  violations are neither condoned nor repeated.

**Certification**

1

I, Paul-Edward: Gilbert, the Plaintiff in the above-captioned matter, do hereby certify

2

under penalty of perjury and in accordance with the laws of the United States of America, that

3

the statements and information provided herein are true, correct, and made with honesty and

4

integrity. I affirm there is no intent to deceive, mislead, or provide false information, and that

5

this complaint is presented in the spirit of truth and justice, fully aligned with the principles of

6

common law.

7

**Dated:** August 2 , A. D. 2024

8

**Autograph:** Paul E G

9

Paul-Edward: Gilbert

10

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;
Applicable to all Successors, Assigns, and Agents:
Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

# Peremptory Notice to Cease and Desist

**From:** Paul-Edward: Gilbert, one of the People
as authorized Signatory for:
PAUL EDWARD GILBERT™©
c/o 2036 Nevada City Highway #37 [95945]
Grass Valley (45), California, U. S. of A.
(non-domestic RFD, ZIP Code exempt)

**To:**

Sent by Priority Express or Certified
Mail with Return Receipt

Casper Rankin, Esq. [S.B.C. #249196],      EJ 652 451 435 US
d.b.a. Registered Agent for process
Tammy Laird, d.b.a. TAMMY LAIRD,           9590 9402 7939 2305 0791 25
chief executive officer
Edward Jamir, d.b.a. EDWARD JAMIR,
Chief Financial Officer
Hamsa Uchi, d.b.a. HAMSA UCHI,
corporate secretary
All Officers, employees, agents,
CLEAR RECON CORP.
8880 Rio San Diego Drive, Suite 725
San Diego, California [92108]
(Substitute for alleged original lender)
crankin@aldridgepite.com

Casper Rankin, Esq. [S.B.C. #249196]       EJ 652 451 466 US
d.b.a. as CASPER RANKIN, Esq.,
Supervising Partner                        9590 9402 7939 2305 0791 32
at Aldridge Pite, LLP
8880 Rio San Diego Drive, Suite 725
San Diego, California [92108]
crankin@aldridgepite.com

Baron Silverstein, President               EJ 652 451 449 US
NEWREZ LLC
1100 Virginia Drive, Suite 125             9590 9402 7939 2305 0791 56
Fort Washington, Pennsylvania [19034]

LAWYERS INCORPORATING SERVICE              EJ 652 451 452  US
Registered Agent for NEWREZ LLC
2710 Gateway Oaks Drive, Suite 150N        9590 9402 7939 2305 0781 35
Sacramento, California [95833]

My Record Identifier: NEWREZ d126357b

Your Reference Number: T.S. 112726-CA

**Regarding:** Violation of the Constitution of the United States and breach of fiduciary Duty

Dated this eighteenth day of May A. D. 2024

NEWREZ d126357b                                   Page 1 of 10

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;
Applicable to all Successors, Assigns, and Agents:
Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

# Lawful Notification

In accord with California Commercial Code § 1202 et. seq., you are now being given Notice that NEWREZ LLC (hereinafter "NR") and CLEAR RECON CORP (hereinafter "CRC") are violating the Constitution of the United States. The Undersigned has notified or given notice by using the USPS Mail tracking numbers listed above. By taking such steps as may be reasonably required to inform the other person in ordinary course, whether the other person actually comes to know of it. A person "receives" a notice or notification when: it comes to that person's attention. Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal. The Undersigned has taken all reasonable administrative steps necessary to inform the Principal. The doctrine of respondeat superior[1] controls this commercial Matter:

# Notice to Trustee

Attention: Casper Rankin, Esq. [S.B.C. #249196], Edward Jamir, Tammy Laird and all un-named employees, officers of CLEAR RECON CORP., alleged to be acting as assigned Trustees on behalf of MERS, Inc., and on behalf of the original lender through unknown principals, including unknown partner firms, including all agents, assigns, successors, including any agent or assign that may aid and abet those named herein in the future this matter, including the "Trustee Sale" auctioneer et al (hereafter Respondents) take notice.

"We the People of the United States, in Order to form a more perfect Union, establish **Justice**, insure **domestic Tranquility**, provide for the common defence, promote the general Welfare, and secure the **Blessings of Liberty** to ourselves and our Posterity, do ordain and establish this **Constitution** for the United States of America." [The Preamble of the Constitution].

With this Constitution, the People created the federal government for the benefit of We the People, and this government created corporations. These corporations are to operate for the benefit of the people, just like government. Derativa potestas non potest esse major primitiva[2].

The live agents serving in government cannot violate the Constitution, nor can the live agents of a corporation. To do so would be sedition and treason, warring against the people.

This Constitution embraces the common law, as do the statutes of California [Civil Code 22.2]. When this matter [trustee sale] is brought before a competent tribunal, common law is the rule of decision in all the courts of this State.

In this matter before us: Does NR have the authority to foreclose on the subject property? Both NR and the Undersigned will disagree on this subject. One possible result of a foreclosure is the taking of property under color of law.

The Seventh Amendment of the Bill of Rights, anytime there is a taking of property where the value is greater than $20.00 United States Dollars, then a jury trial is required. In A. D. 1792 with the Coinage Act, the United States Dollar was fixed to a weight of silver in a Dollar coin. That

---

[1] "Let the principal answer." [4 Co. Inst. 114; 2 Bouv. Inst. n. 1337; 4 Bouv. Inst. n. 3586. John Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

[2] "The power which is derived cannot be greater than that from which it is derived." [Bouvier's Law Dictionary Sixth Edition (A. D. 1856)].

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;
Applicable to all Successors, Assigns, and Agents:
Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

$20.00 silver specie of A. D. 1792 is worth about $400.00 in today's Federal Reserve Notes. The value of the security instrument exceeds this amount.

In the Constitution for the United States of America the Seventh Amendment is about the taking of property without due process. This constitutionally protected right is unalienable. "Where rights secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." [Miranda v. Arizona, 384 U.S. 426 @ 491]

California Civil Code § 2920 et. seq. are the statutes that regulate mortgages. These statutes provide the remedy should there be a need for a judicial or nonjudicial foreclosure. For there to be a nonjudicial foreclosure, it requires the **consent** of both parties. Without consent, the unalienable rights of the Undersigned would have been abrogated by statute and the U.S. Supreme Court holding in Miranda v. Arizona, 384 U.S. 436 @ 491 (1966) remedies that defect.

Long before Miranda v. Arizona, Id quod nostrum est, sine facto nostro ad alium transferi non potest[3], the Undersigned does not give their **consent** to a transfer of title without a trial in a competent tribunal by jury of my peers, as provided by the Seventh Amendment.

In the Notice of Trustee Sale, there is a Notice to Bidders that they are only bidding on the security instrument, which is the property of the Undersigned. The title to the property, or the Deed of Trust, while not transferred with the trustee sale, will remain an issue. An issue which NR will have to answer at some point, and today is as good as any to start while NR and CRC have ready access to the files.

The following stipulation agreement of material facts will be entered into the administrative record, for future use in a competent tribunal should NR and or CRC fail to reach a settlement that the unalienable constitutionally-protected Rights of the Undersigned shall be protected.

In common law before seeking remedy in the court you are to exhaust your administrative remedies. The inability of the Undersigned and NR to reach a settlement is because NR remained silent when given notice that the mortgage was being rescinded for **fraud**.

An administrative process was used where the live agents for NR were given notice and opportunity to respond to the notice of recission and rebut a stipulation agreement and the live agents for NR chose to be **silent** and acquiesce. **Qui tacit consentire videtur[4]**.

By remaining silent, NR was concealing the material fact that one of the agents involved in the mortgage modification of the subject property, was engaged in fraudulent misrepresentation, Aliud est celare, aliud tacere[5], and any contract that has been touched by fraud is void ab initio.

To sell at auction in a trustee sale a promissory note, a security instrument that is tainted by fraud, would be a fraudulent act. NR needs to resolve this issue, before proceeding with the trustee sale.

As the Trustee, CRC must impartially decide, both parties have followed the administrative process to default. NR followed one which will result in a sale of property [the security instrument]

---

3 "What belongs to us cannot be transferred to another without our **consent**. Dig. 50, 17, 11. But this must be understood with this qualification, that the government may take property for public use, paying the owner its value. The title to property may also be acquired, with the **consent** of the owner, by a judgment of a competent tribunal." [Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

4 "He who is silent appears to consent." [Jenk. Cent. 32. Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

5 "To conceal is one thing, to be silent another" [Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

and the Undersigned followed one which resulted in the recission of the contract, therefore, there is nothing to sell; and, we are at an impasse.

The decision that the Trustee must make is either follow the Constitution and compel NR to get a judgment from a competent tribunal or to become a co-conspirator with NR when the Undersigned becomes compelled to take this matter to a competent tribunal.

When making this determination as to which path to follow, the Trustee will most likely consult with an attorney and that attorney will most likely be the Registered Agent for the Trustee, who just happens to be a supervising partner in the law firm which shares the same address as the Trustee.

CRC is a juristic person (i.e., an artificial entity), a creation of the state and is subject to the United States and California constitutions, and the statutes, rules, and regulations therein. CRC, its officers and agents cannot ignore the Constitution. If the live agents of CRC become aware of any violations of the Constitution or statutes, then the live agents of CRC have a fiduciary duty to uphold the Constitution and those statutes.

The Registered Agent for CRC is Casper John Rankin, Esq., a BAR licensed attorney.

The California State BAR is subject to the California Public Records Act[6] and all attorneys are required to have a "license" to practice law[7].

Casper John Rankin, Esq., this serves as a lawful request for you, as an alleged "licensed" BAR attorney, to produce your license with your sworn oath indorsed upon it. Casper John Rankin, Esq. as a member of the State BAR, your license is subject to California Public Record Act requests. As one of the Beneficiaries in this Trustee Sale, the Undersigned has every right to verify your compliance with the statutes of the State of California.

Casper John Rankin, Esq., you have ten (10) business days [as provided by statute] to; (i) Provide a copy of your license, or (ii) A letter providing the Undersigned an estimate of when you will be able to provide it, or (iii) That you are unable to locate any responsive records, or (iv) That you are refusing to provide it and by what authority you are concealing a public record.

Failure to provide your license is concealment [to conceal is one thing]. If you have it, you have no reason to deny its release, it is a public record. If you do not have it and chose to be silent [to be silent another], then you are engaged in a fraudulent misrepresentation and your silence is evidence of that **fraud.**

In addition to the license to practice law being requested of Casper John Rankin, Esq., any licensed attorney who is going to be making responses on behalf of CRC or NR will be subject to the same requirement of producing their license to practice law.

# Revocation of Consent

The Undersigned is revoking their consent, if previously given. Any mortgage contract which has; a nonjudicial foreclosure clause and/or is following state statutes which allow for nonjudicial foreclosures; without a clause for the Undersigned to revoke that consent, is trespassing on the Undersigned's unalienable Rights guaranteed by the Constitution for the United States of

---

[6] [Government Code § 7920.000 et. seq. and Business and Professions Code § 6001 (e)(2)]

[7] [Business and Professions Code § 6067]

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

America. Any mortgage contract without a clause to withdraw consent to a nonjudicial foreclosure, then that clause which allows nonjudicial foreclosure, is **null** and **void** on its face and is subject to a severability clause, if one exists.

The federal Constitution is clear, if property is going to be taken from another, then the Fifth, Sixth, Seventh, Ninth, and Tenth Amendments must be followed, and the matter will be decided by a jury, should the parties fail to reach an administrative settlement.

The Undersigned and NR have not reached a settlement and the Undersigned is within their rights to demand that Undersigned's constitutionally-protected unalienable Rights are upheld. Qui jure suo utitur, nemini facit injuriam[8]. Vigilantibus et non dormientibus serviunt leges[9].

## Notice to Suspend Sale

The putative Trustee, CRC, shall take notice that the Undersigned is not waiving our right to a trial by jury before any foreclosure "taking" may proceed.

Time is of the essence and the putative Trustee, CRC shall take notice and suspend any nonjudicial foreclosure on ███████████████████████, California, until such time as the putative Trustee has a judgment from a trial by jury to proceed with the Trustee Sale.

Even if the putative Trustee, CRC, fails to suspend the sale, the Undersigned shall provide to the winning bidder an affidavit that the putative Trustee was notified of the constitutional violations and of the fraud committed by the Lender or the Lenders agents. And should Casper John Rankin, Esq., fail to provide his license, the fraud that is being committed by that concealment.

By demanding that the Undersigned's constitutionally-protected unalienable Rights are to be upheld can harm no one *Qui jure suo utitur, nemini facit injuriam*, except someone who is ignorant[10] of the law, Error juris nocet[11], or is intent on denying the Undersigned the protections provided by those Rights.

The live agents of the putative Trustee shall uphold the Constitution for the United States of America or accept liability for the damages sustained by the Undersigned for the blatant disregard [trespass] of the Undersigned's constitutionally-protected unalienable Rights.

## Audit

With NR still holding the belief that they have the right to foreclose on the security instrument, an audit of all records created by the original contract is warranted and whether it is done now or as part of discovery is up to the adverse parties. Copies of the following documents are requested:

(i) The Deed of Trust, front and back. (ii) The Promissory Note [Security Instrument], all pages, front and back. (iii) Form FR2046 (showing the original balance sheet). (iv) IRS form 1099OID

---

[8] "He who uses his legal rights, harms no one" [Bouvier's Law Dictionary, Sixth Edition, (A. D. 1856)]

[9] "The laws serve the vigilant, not those who sleep upon their rights." [2 Bouv. Inst. n. 2327. See Laches. Bouvier's Law Dictionary, Sixth Edition, (A. D. 1856)]

[10] Ignorance of the Law might be an excuse, but it is not a valid reason for the commission of a crime when the Law is easily and readily available to anyone making a reasonable effort to study the law [Ignorantia facti excusat, ignorantia juris non excusat. Ignorance of facts excuses, ignorance of law does not excuse. 1 Co. 177; 4 Bouv. Inst. n 3828. See Ignorance. John Bouvier's Law Dictionary, Sixth Edition (A. D. 1856)]

[11] Error of law is injurious. See 4 Bouv. Inst. n. 3828. John Bouvier's Law Dictionary, Sixth Edition (A. D. 1856)]

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

which will identify who the principal funds originated from. (v) Which capital and interest was taken and who the recipient of the funds is, and who is holding the account in escrow, unadjusted. (vi) Form S3-A (registration) to show if, when and where the Promissory Note was sold. (vii) The 424 B-5 prospectuses (security filing). (viii) RC-S and RC-B call schedules. (ix) FAS 125, 133, 140, 5, and 95 forms.

The adverse parties will have twenty-eight (28) calendar days to produce the requested documents. Should the adverse parties need more time to produce the requested documents, the Undersigned will grant any reasonable request for an extension, provided of course that the Trustee Sale has been suspended.

## Stipulation to Material Facts by Agreement of the Parties

Since it is the proclivity of an adversarial party to avoid providing truthful answers that vitiate their claims, the statements in the "Stipulation to Material Facts by Agreement of the Parties" have been denied, Ei incumbit probatio qui dicit, non qui negat[12], by the Undersigned and that no such evidence exists, De non apparentibus et non existntibus eadem est ratio[13], to the contrary.

If the putative Trustee (adversarial party) has evidence that can rebut any of the following statements, then the Trustee or their duly authorized agent, may enter specific and detailed objections, made under the penalties of perjury to be true, correct <u>and</u> materially complete, in the event we are not of one accord regarding the stipulated Material Facts so, our Agreement can be perfected into the administrative Record.

Should you fail to rebut the "Stipulation to Material Facts by Agreement of the Parties", then by your silence, ***qui tacit consentire videtur***, you unconditionally agree [Commercial Code § 1201(b)(3)] with the foregoing Material Facts.

1. The Undersigned has seen no admissible evidence and denies that such evidence exist that private property can be taken **<u>without</u>** due process.

2. The Undersigned has seen no admissible evidence and denies any such evidence exists that the Seventh Amendment to the Bill of Rights **<u>does not</u>** preserve the right to a trial by jury, when the value of the controversy exceeds twenty dollars.

3. The Undersigned has seen no admissible evidence and denies any such evidence exists that the California legislature <u>has</u> any authority to create a statute, which **violates** the Constitution for the United States of America.

4. The Undersigned has seen no admissible evidence and denies any such evidence exists that the judiciary of the State of California <u>has</u> any authority to uphold or enforce a statute that **violates** the Constitution for the United States of America.

---

[12] "The burden of the proof lies upon him who affirms, not he who denies." [Dig. 22, 3, 2; Tait on Ev. 1; 1 Phil. Ev. 194; 1 Greenl. Ev. §74; 3 Louis. R. 83; 2 Dan. Pr. 408; 4 Bouv Inst. n. 4411. Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

[13] "The reason is the same respecting things which do not appear, and those which do not exist." [Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

**Annexed Document - A - Page 6 of 10**

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

5. The Undersigned has seen no admissible evidence and denies any such evidence exists that the Trustee **does not** have a fiduciary Duty to the Undersigned regarding this commercial Matter.

6. The Undersigned has seen no admissible evidence and denies any such evidence exists that the assertion of federal rights, when plainly and reasonably made, <u>can</u> be defeated under the name of practice. [Bennett v. Boggs, 1 Baldw. 60]

7. The Undersigned has seen no admissible evidence and denies any such evidence exists that there <u>can</u> be any sanction or penalty imposed upon one because of the exercise of constitutionally-protected Rights. [Sherar v. Cullen, 481 F. 2d 945.]

8. The Undersigned has seen no admissible evidence and denies any such evidence exists that the BAR licensed "officer of the court" and Registered Agent for CRC has subscribed the constitutionally-mandated oath of office to uphold the Constitution for the United States of America [Article VI, clause three; also: 4 U.S.C. § 101].

9. The Undersigned has seen no admissible evidence and denies any such evidence exists that the live agents of the putative Trustee <u>can</u> **violate** the Constitution for the United States of America with impunity.

10. The Undersigned has seen no admissible evidence and denies any such evidence exists that the agents (or assigns) for the original bankrupt lender, their successors (including DITEK, NEWREZ, MERS Inc. et al.), hereafter "lender" and "lenders agents" can produce any evidence to support the unsubstantiated claim that the original lender (DITEK) lent or advanced lawful United States money issued from their own accounts to the Undersigned to purchase the paper Title [ref: APN Number: ▮▮▮▮▮▮▮▮▮] known as ▮▮▮▮▮▮▮▮▮, Nevada City, CA, UNITED STATES."

11. The Undersigned has seen no admissible evidence and denies any such evidence exists that the alleged Lender would suffer pecuniary loss from Undersigned not making any further payments on the alleged original loan.

12. The Undersigned has seen no admissible evidence and denies any such evidence exists that the original loan transaction from construction of the original PROMISSORY NOTE and DEED OF TRUST dated [date original promissory note was signed] and the signing and recording of the original Deed of Trust [MERS number (original loan number and m.i.n. #)] **was not** in its entirety a fraudulent scheme designed to make the Undersigned part with valuable consideration in exchange for nothing of value from the alleged lender.

13. The Undersigned has seen no admissible evidence and denies any such evidence exists that the original contract between the Undersigned and the original lender **was not** an unconscionable contract according to contract law and the common law, by <u>not</u> having evidence of thereby (i) "meeting of the minds" or full disclosure, (ii) there being "valuable consideration" being exchanged, and (iii) there was no "offer and acceptance" evidenced by both parties signing a "wet-ink" signature evidencing full commercial liability on their respective parts.

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

14. The Undersigned has seen no admissible evidence and denies any such evidence exists that a party claiming a liability who cannot produce the original wet-ink signed promissory note together with the original Deed of Trust evidencing their security interest in the lien has any standing to sue in accord with the foundations of the common law.

15. The Undersigned has seen no admissible evidence and denies any such evidence exists that the alleged lender **did not** create the "credit" or "money" advanced on behalf of the Settlor / Borrower from the Settlor / Borrower's own credit, credit application or from deposit of the promissory note signed by the Settlor / Borrower.

16. The Undersigned has seen no admissible evidence and denies any such evidence exists that the NOTICE OF TRUSTEES SALE **does not** state "NOTICE TO POTENTIAL BIDDERS: "If you are considering bidding on this **property lien,** you should understand that there are risks involved in bidding at a trustee auction. **You will be bidding on a lien, not on the property itself**....".

17. The Undersigned has seen no admissible evidence and denies any such evidence exists that a person that buys a defective property lien created through fraud, <u>has</u> any right to the subject property.

18. The Undersigned has seen no admissible evidence and denies any such evidence exists that under the common law [Civil Code 22.2], the Right to a property **does not** go to whoever **can** demonstrate the superior Title to the actual Property.

19. The Undersigned has seen no admissible evidence and denies any such evidence exists that under the common law, a Land Patent **is not** a superior Title to the actual Property.

20. The Undersigned has seen no admissible evidence and denies any such evidence exists that the originating Bank, DITEK. Inc. (hereinafter "the Bank") and or any assigns, hereafter known as the "Lender," **created the alleged "money"**[14] purported as "loaned" to the Undersigned.

21. The Undersigned has seen no admissible evidence and denies any such evidence exists that the alleged "money" for the alleged "loan" came from the Bank's valuable assets; and, as such the failure to re-pay the "money" loaned would create any potential for a loss of valuable assets to the Bank[15]

---

[14] **MONEY**: In usual and ordinary acceptation, it means **gold, silver,** or paper money used as circulating medium of exchange and **does not embrace notes**, bonds, evidences of debt, or other personal or real estate. Lane v. Railey, 280 Ky. 319, 133 S.W.2d 74, 79,81. [Black's Law Dictionary, Fifth Edition, pg. 906]

[15] There are three common terms used to describe this privately created money. They are "credit," "demand deposits" and "checkbook money." In the Fifth edition of Black's Law, pg. 331, under the term "Credit," the term "Bank Credit" is described as: "Money bank owes or will lend individual or person." In the book **I Bet You Thought, published by the privately-owned Federal Reserve Bank of New York,** as follows: "**Commercial banks create checkbook money whenever they grant a loan, simply by adding deposit dollars to accounts on their books to exchange for the borrower's IOU....**". "A national bank ...**cannot lend its credit to another by**

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;
Applicable to all Successors, Assigns, and Agents:
Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

22. The Undersigned has seen no admissible evidence and denies any such evidence exists that the Bank disclosed to borrower that Borrower's signature on the loan application and the promissory note allowed the Bank to create the "money" issued on the borrower/settlor's behalf to the "seller."

23. The Undersigned has seen no admissible evidence and denies any such evidence exists that the subsequent "money" created by monetizing the Borrower's credit application, the promissory note, and selling the promissory note **was** credited to the borrower's account with a "deposit slip" given to the depositor (borrower); and, the Bank disclosed the material facts to the Borrower detailing their acquisition of the "money" through monetizing the Borrower's promissory note.

24. The Undersigned has seen no admissible evidence and denies any such evidence exists that the Bank **was** acting in "good faith" with "clean hands" and the alleged "loan" documents were lawful binding contracts.

25. The Undersigned has seen no admissible evidence and denies any such evidence exists that there is a statute or law under the Constitution of the United States that allows for the creation of money by the Banks[16].

26. The Undersigned has seen no admissible evidence and denies any such evidence exists that the duly-authorized agent for the Bank signed a wet-ink signature on the contract evidencing acceptance of the contract and a commercial liability on their part.

27. The Undersigned has seen no admissible evidence and denies any such evidence exists that the Lender or the Lender's duly-authorized agents have provided evidence that the wet-ink signed 'Promissory Note'[17], and wet-ink signed 'Deed of Trust'[18] currently exist.

---

**becoming surety, indorser, or guarantor for him, such an act is ultra vires...**" Merchants' Bank v. Baird, 160 F 642.

[16] United States Constitution Article 1, section(s) 8, &10

[17] "The Missouri court found that, because MERS was not the original holder of the promissory note and because the record contained no evidence that the original holder of the note authorized MERS to transfer the note, the language of the assignment purporting to transfer the promissory note was ineffective. "MERS never held the promissory note, thus its assignment of the deed of trust to OCWEN separate from the note had no force." 284 S.W.3d at 624; see also In re Wilhelm, 407 B.R. 392 (Bankr. D. Idaho 2009) (standard mortgage note language does not expressly or implicitly authorize MERS to transfer the note); In re Vargas, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) ("[I]f FHM has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal. MERS presents no evidence as to who owns the note, or of any authorization to act on behalf of the present owner."); Saxon Mortgage Services, Inc. v. Hillery, 2008 WL 5170180 (N.D. Cal. 2008) (unpublished opinion) ([F]or there to be a valid assignment, there must be more than just assignment of the deed alone; the note must also be assigned. . . . MERS purportedly assigned both the deed of trust and the promissory note. . . . However, there is **no evidence of record that establishes that MERS either held the promissory note or was given the authority . . . to assign the note.")**." LANDMARK NATIONAL BANK v. KESSLER, (Kansas Supreme Court August 2009)

[18] "To show standing, then, in a foreclosure action, the plaintiff **must** show that it is **the holder of the note and the mortgage** at the time the complaint was filed. The foreclosure plaintiff must also show, at the time the foreclosure action is filed, that the holder of the note and mortgage is harmed, usually by not having received payments on the

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

Failure to rebut the above claims point for point within twenty-eight (28) calendar days after receipt of this presentment will be tacit agreement and silent acquiescence that Respondents claiming to be acting as original lenders agents agree with all the stipulations above and to the fact that the original lender, Trustees, lenders agents, respondents et al., never had any lawful financial interest in the land and physical property commonly known as ███████████, Nevada City, California, the united states of America or in the fictional "Title" associated with the APN Number: ███████████ styled as: "███████████, Nevada City, CA, UNITED STATES".

Your responses to these material facts are to be made under the penalties of perjury to be true, correct <u>and</u> materially complete. Inapposite responses will be regarded as the same as having not made any response.

## Acceptance

With the Trustee Sale pending for May 22, A. D. 2024, time is of the essence for CRC to act.

The Undersigned is providing a reasonable time of twenty-eight (28) calendar days from the receipt of this Lawful Notice for the live individual claiming to be the duly-authorized Agent for CRC to respond. Failure to respond, **qui tacet consentire videtur** (he who remains silent is held to consent), is your confirmation that CRC, its officers and agents, accepts full responsibility for any violations of the unalienable Rights of the Undersigned.

## Without Prejudice - Without Recourse - all unalienable Rights guaranteed.

**In witness whereof,** the Undersigned hereto sets their autograph and seal (right thumbprint) this eighteenth day of May, A. D. two-thousand and twenty-four; and, of the Independence of **"The United States of America,"** the two hundred and forty-seventh year, under restricted signature, with all one's constitutionally-protected, birth-right Prerogatives, Immunities, natural and unalienable Rights reserved, all Remedies preserved, as well as all statutory rights which are secured by private international law, including the right to make final determination of all definitions and intent stated herein, in full harmony with public policy [Commercial Code §§ 1103(b), 1308, 3402(b)(1)].

Autograph:  ___/s Paul-Edward: Gilbert___
                                                        Seal
Paul-Edward: Gilbert, jura summa imperii[19],
authorized Signatory and sole Beneficiary of
PAUL EDWARD GILBERT™© trust estate.

---

note." **Examples:** United States District Court Southern District of Ohio, Western Division, at Dayton, In Re Foreclosure Cases Case Numbers 3:07CV043, 07CV049, et al. THOMAS M. ROSE (November 15, 2007)

[19] **Jura summa imperii** is Latin and means having rights of sovereignty or supreme power and authority over one's own dominions.

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;
Applicable to all Successors, Assigns, and Agents:
Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

# Notice of Fault

**From:** Paul-Edward: Gilbert, one of the People
as authorized Signatory for:
PAUL EDWARD GILBERT™©
c/o 2036 Nevada City Highway #37 [95945]
Grass Valley (45), California, U. S. of A.
(non-domestic RFD, ZIP Code exempt)

**To:**                                                              Sent by Certified Mail with Return
                                                                     Receipt
Casper Rankin, Esq. [S.B.C. #249196]                                 9589 0710 5270 1467 0227 79
d.b.a. as CASPER RANKIN, Esq.,
Supervising Partner at Aldridge Pite, LLP                            9590 9402 8439 3156 2397 22
8880 Rio San Diego Drive, Suite 725
San Diego, California [92108]
crankin@aldridgepite.com

**Cc:**

Tammy Laird, d.b.a. TAMMY LAIRD,                                     9589 0710 5270 1467 0227 86
chief executive officer
Edward Jamir, d.b.a. EDWARD JAMIR,                                   9590 9402 8439 3156 2397 39
Chief Financial Officer
Hamsa Uchi, d.b.a. HAMSA UCHI,
corporate secretary
All Officers, employees, agents,
CLEAR RECON CORP.
8880 Rio San Diego Drive, Suite 725
San Diego, California [92108]

Baron Silverstein, President                                         9589 0710 5270 1467 0227 93
NEWREZ LLC
1100 Virginia Drive, Suite 125                                       9590 9402 8439 3156 2397 46
Fort Washington, Pennsylvania [19034]

My Record Identifier: NEWREZ d126357b

Your Reference Number: T.S. 112726-CA

**Regarding:** Public Records

Dated this eighth day of June A. D. 2024

# Lawful Notification

In accord with California Commercial Code § 1202 et. seq., you are now being given Notice that
NEWREZ LLC (hereinafter "NR") and CLEAR RECON CORP (hereinafter "CRC") are violating
the Constitution of the United States. The Undersigned has notified or given notice by using the
USPS Mail tracking numbers listed above. By taking such steps as may be reasonably required to
inform the other person in ordinary course, whether the other person actually comes to know of
it. A person "receives" a notice or notification when: it comes to that person's attention. Notice to

**Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal;**
**Applicable to all Successors, Assigns, and Agents:**
**Silence, when there is a moral or legal Duty to respond, constitutes Fraud.**

Principal is Notice to Agent, Notice to Agent is Notice to Principal. The Undersigned has taken all reasonable administrative steps necessary to inform the principal in this commercial Matter. The doctrine of respondeat superior[1] controls this commercial Matter:

# Notice of Fault

**Attention**: Casper Rankin, Esq. [S.B.C. #249196], Edward Jamir, Tammy Laird and all un-named employees, officers of CLEAR RECON CORP., (hereafter Respondents) take notice.

In the letter dated the eighteenth of May, A. D. 2024, Casper John Rankin, Esq., was served a lawful request for a copy of his license to practice law[2]. If Casper John Rankin, Esq. has not yet responded, then this Notice is to give Casper John Rankin, Esq. an opportunity to cure that non-response.

Casper John Rankin, Esq., you have ten (10) business days to cure the non-response by; (i) Providing a copy of your license, or (ii) A letter providing the Undersigned an estimate of when you will be able to provide it, or (iii) That you are unable to locate any responsive records, or (iv) That you are refusing to provide it and by what authority you are concealing a public record.

Casper John Rankin, Esq., failure to provide your license is concealment [to conceal is one thing]. If you have it, you have no reason to deny its release, it is a public record. If you do not have it and chose to be silent [to be silent another], then you are engaged in a fraudulent misrepresentation and your silence is evidence of that **fraud.**

### Without Prejudice - Without Recourse - all unalienable Rights guaranteed.

**In witness whereof**, the Undersigned hereto sets their autograph and seal (right thumbprint) this eighth day of June, A. D. two-thousand and twenty-four; and, of the Independence of **"The United States of America,"** the two hundred and forty-seventh year, under restricted signature, with all one's constitutionally-protected, birth-right Prerogatives, Immunities, natural and unalienable Rights reserved, all Remedies preserved, as well as all statutory rights which are secured by private international law, including the right to make final determination of all definitions and intent stated herein, in full harmony with public policy [Commercial Code §§ 1103(b), 1308, 3402(b)(1)].

Autograph: _____
                                                        Seal
Paul-Edward: Gilbert, jura summa imperii[3],
authorized Signatory and sole Beneficiary of:
PAUL EDWARD GILBERT™© estate trust

---

[1] "Let the principal answer." [4 Co. Inst. 114; 2 Bouv. Inst. n. 1337; 4 Bouv. Inst. n. 3586. John Bouvier's Law Dictionary Sixth Edition (A. D. 1856)]

[2] [Business and Professions Code § 6067]

[3] **Jura summa imperii** is Latin and means having rights of sovereignty or supreme power and authority over one's own dominions.





**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20241290446 |
| Date Filed: 7/12/2024 |

**Entity Details**

| | |
| --- | --- |
| Corporation Name | CLEAR RECON CORP |
| Entity No. | 3521772 |
| Formed In | CALIFORNIA |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 |
| Attention | Arianna Black |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| ➕ Tammy J Laird | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 | Chief Executive Officer |
| ➕ Hamsa Uchi | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 | Secretary |
| ➕ Edward Jamir | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| ➕ Tammy J Laird | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| Agent Name | CASPER RANKIN |

| Agent Address | 3333 CAMINO DEL RIO SOUTH<br>SUITE 225<br>SAN DIEGO, CA 92108 |
|---|---|

Type of Business

Type of Business        ENTITY WILL ACT AS TRUSTEE

Email Notifications

Opt-in Email Notifications     Yes, I opt-in to receive entity notifications via email.

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Tammy J Laird*        *07/12/2024*

Signature          Date

Paul-Edward: Gilbert, one of the People
in propria persona
c/o 2036 Nevada City Highway #28
Grass Valley (45), California [near: 95945]
crc4e7b4732@sendittomyemail.com


United States District Court for the Eastern District of California
Sacramento California

| | |
|---|---|
| Paul-Edward: Gilbert,<br>　　Plaintiff, | Case No. |
| | |
| v. | **Legal Citations and Authorities in**<br>**Support of Claim of** |
| | |
| Clear Recon Corp;<br>Tammy Laird, Chief Executive Officer, and<br>Edward Jamir, Chief Financial Officer, and<br>Hamsa Uchi, Corporate Secretary, and<br>Monica Chavez, Agent; in their capacity as officers | **Constitutional Trespass** |
| and agents of Clear Recon Corp and in their<br>personal capacity; | Judge: |
| Aldridge Pite, LLP;<br>Steven Pite Esq., in his capacity as Senior Partner | Courtroom: |
| in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Supervising | Date: |
| Partner in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Registered | Time: |
| Agent for Clear Recon Corp.;<br>Casper Rankin, Esq., in his personal capacity;<br>NewRez LLC;<br>Baron Silverstein, in his capacity as President of<br>NewRez LLC;<br>Shellpoint Mortgage Servicing, a subsidiary of<br>NewRez LLC;<br>Does 1 – 25,<br>　　Defendants, | |
| | |
| And | |
| | |
| Citibank, N. A.<br>　　Party of Interest,<br>　　　　but not a Defendant | |

Paul-Edward: Gilbert, Plaintiff
　　　　v.　　　　　　　　　　Case No.　　　　　　　　Page **1** of **6**
Clear Recon et. al., Defendant

Legal Citations and Authorities in Support of Claim of Constitutional Trespass

2    **Legal Citations and Authorities**

3        This section provides a comprehensive list of all legal citations referenced in this matter,

4    organized for easy reference.

5    **Federal Cases:**

6        1. **Mullane v. Central Hanover Bank & Trust Co.**, 339 U.S. 306 (1950)

7        2. **Haines v. Kerner** 404 U.S. 519 (1972)

8        3. **Anastassoff v. United States** 223 F.3d 898 (8th Cir. 2000)

9        4. **Platsky v. CIA** 953 F.2d 26 (2d Cir. 1991)

10       5. **Granfinanciera, S.A. v. Nordberg**, 492 U.S. 33 (1989)

11       6. **Beacon Theatres, Inc. v. Westover**, 359 U.S. 500 (1959)

12   **California Supreme Court Cases:**

13       1. **Rowland v. Christian**, 69 Cal.2d 108 (1968)

14       2. **Burgess v. Superior Court**, 2 Cal.4th 1064 (1992)

15       3. **Yvanova v. New Century Mortgage Corp.**, 62 Cal.4th 919 (2016)

16       4. **Meyer v. Sprint Spectrum L.P.**, 45 Cal.4th 634 (2009)

17   **California Court of Appeal Cases:**

18       1. **Estate of Gump**, 1 Cal.App.4th 582 (1991)

19       2. **Lectrodryer v. SeoulBank**, 77 Cal.App.4th 723 (2000)

20       3. **Ghirardo v. Antonioli**, 14 Cal.4th 39 (1996)

21       4. **Garcia v. Federal National Mortgage Association**, 183 Cal.App.4th 1031 (2010)

22       5. **Hatch v. Collins** 225 Cal.App.3d 1104 (1990)

23   **Key California Statutes:**

24       1. **California Civil Code § 4** (Common Law)

Paul-Edward: Gilbert, Plaintiff
            v.                          Case No.                    Page **2** of **6**
Clear Recon et. al., Defendant
        Legal Citations and Authorities in Support of Claim of Constitutional Trespass

1   2. **California Civil Code § 6** (Preservation of Rights)

2   3. **California Civil Code § 2920 et. seq.** (Mortgages)

3   **Maxims of Jurisprudence**

4       **Definition of Maxims**

5       Maxims are established principles or propositions of law that are universally recognized

6   for their fairness and justice. These legal truths serve as foundational guidelines in the

7   interpretation and application of the law. They are often cited in legal arguments to reinforce

8   the principles of equity, justice, and good conscience. In the context of this document, these

9   maxims are relied upon to illuminate the underlying principles that should govern the legal

10  issues at hand.

11      **California Evidence Code § 451(f)**

12      Under California Evidence Code § 451(f), the courts are required to take judicial notice

13  of "[f]acts and propositions of generalized knowledge that are so universally known that they

14  cannot reasonably be the subject of dispute." Although the term "maxim" is not explicitly

15  mentioned, this provision essentially describes maxims as those principles that are so well-

16  established in law and equity that their validity is unquestionable.

17      **Rule 201(b) Judicial Notice of Adjudicative Facts**

18      A judicially noticed fact must be one not subject to reasonable dispute because it:

19  1. Is generally known within the trial court's territorial jurisdiction; or

20  2. Can be accurately and readily determined from sources whose accuracy cannot

21      reasonably be questioned.

22  **List of Maxims**

23  1. **"The law has been obeyed."**

Paul-Edward: Gilbert, Plaintiff
          v.                          Case No.                    Page **3** of **6**
Clear Recon et. al., Defendant
          Legal Citations and Authorities in Support of Claim of Constitutional Trespass

1          o   Referenced in California Civil Code § 3548, emphasizing the importance of
2              adherence to the law in all legal matters.

3      2.  **"Justice delayed is justice denied."**

4          o   Underscores the importance of timely justice, particularly relevant to the
5              Plaintiff's assertion of wrongful foreclosure and due process violations.

6      3.  **"He who comes into equity must come with clean hands."**

7          o   A foundational principle of equity, arguing that the Defendants, having engaged
8              in wrongful acts, cannot seek equitable relief or defenses.

9      4.  **"The burden of proof lies on him who asserts the fact, not on him who denies**
10         **it."**

11         o   Applied in the context of foreclosure, asserting that the Defendants have the
12             burden to prove the legality of their actions.

13     5.  **"No one is above the law."**

14         o   A fundamental legal maxim asserting that the Defendants, including corporations
15             and their officers, must be held accountable for unlawful actions.

16     6.  **"Fraud vitiates everything."**

17         o   Critical in cases involving allegations of fraud, asserting that any action or
18             judgment tainted by fraud is null and void.

19     7.  **"Equity regards as done that which ought to be done."**

20         o   Used to argue that the Defendants should have acted in accordance with legal
21             and ethical obligations, and their failure to do so warrants equitable remedies.

22     8.  **"The safety of the people shall be the highest law."**

23         o   Referenced in the context of upholding constitutional rights and protections,
24             particularly against unlawful foreclosure practices.

Paul-Edward: Gilbert, Plaintiff
                    v.                              Case No.                     Page **4** of **6**
Clear Recon et. al., Defendant
         Legal Citations and Authorities in Support of Claim of Constitutional Trespass

9. **"Where there is a right, there is a remedy."**

  o  CIV § 3523: Emphasizes the necessity of legal remedies when rights have been violated, relevant to the Plaintiff's pursuit of compensatory and punitive damages.

10. **"Ignorance of the law excuses no one."**

  o  Used to counter any defense that the Defendants may raise regarding a lack of knowledge about the legal requirements governing foreclosure.

11. **"The law does not require the impossible."**

  o  CIV § 3528: Implies that no one can be expected to perform something impossible, often used in the context of legal expectations.

12. **"Equity will not suffer a wrong to be without a remedy."**

  o  Reinforces the principle that legal systems should provide remedies for all wrongs.

13. **"Justice is the constant and perpetual will to allot to every man his due."**

  o  A foundational maxim in the concept of justice, indicating that fairness should guide all legal decisions.

14. **"No one can take advantage of his own wrong."**

  o  CIV § 3517: Relevant to the cause of unjust enrichment, emphasizing that one cannot benefit from their wrongful actions.

15. **46d "Where the law prescribes a form, the nonobservance of it is fatal to the proceeding, and the whole becomes a nullity."**

  o  Emphasizes the critical importance of adhering to prescribed legal forms, and failure to do so invalidates the entire proceeding.

**Certification**

Paul-Edward: Gilbert, Plaintiff
    v.                                    Case No.                    Page **5** of **6**
Clear Recon et. al., Defendant

Legal Citations and Authorities in Support of Claim of Constitutional Trespass

1       I, Paul-Edward: Gilbert, the Plaintiff in the above-captioned matter, do hereby certify

2  under penalty of perjury and in accordance with the laws of the United States of America, that

3  the statements and information provided herein are true, correct, and made with honesty and

4  integrity. I affirm there is no intent to deceive, mislead, or provide false information, and that

5  this complaint is presented in the spirit of truth and justice, fully aligned with the principles of

6  common law.

7     **Dated:** _August 2_, A. D. 2024

8                       **Autograph:** _Paul E:G_

9                                 Paul-Edward: Gilbert

Paul-Edward: Gilbert, Plaintiff
        v.                           Case No.                 Page **6** of **6**
Clear Recon et. al., Defendant
     Legal Citations and Authorities in Support of Claim of Constitutional Trespass

Paul-Edward: Gilbert, one of the People
in propria persona
c/o 2036 Nevada City Highway #28
Grass Valley (45), California [near: 95945]
crc4e7b4732@sendittomyemail.com


United States District Court for the Eastern District of California
Sacramento California

| | |
|---|---|
| Paul-Edward: Gilbert,<br>    Plaintiff, | Case No. |
| | **Declaratory Relief**<br>**in Support of Claim of** |
| v. | |
| | **Constitutional Trespass** |
| Clear Recon Corp;<br>Tammy Laird, Chief Executive Officer, and<br>Edward Jamir, Chief Financial Officer, and<br>Hamsa Uchi, Corporate Secretary, in their capacity<br>as officers of Clear Recon Corp and in their<br>personal capacity; | |
| NewRez LLC; | Judge: |
| Baron Silverstein, in his capacity as President of<br>NewRez LLC; | Courtroom: |
| Shellpoint Mortgage Servicing, a subsidiary of<br>NewRez LLC; | Date: |
| Aldridge Pite, LLP;<br>Casper Rankin, Esq., in his capacity as Supervising<br>Partner in Aldridge Pite. LLP;<br>Casper Rankin, Esq., in his capacity as Registered<br>Agent for Clear Recon Corp.;<br>Casper Rankin, Esq., in his personal capacity;<br>Does 1 – 25,<br>    Defendants, | Time: |
| And | |
| Citibank, N. A.<br>    Party of Interest,<br>        but not a Defendant | |

1                                          **Declaratory Relief**

Paul-Edward: Gilbert, Plaintiff
    v.                                    Case No.                    Page **1** of **4**
Clear Recon et. al., Defendant
                    Declaratory Relief in Support of Claim of Constitutional Trespass

**Summary:**

The Plaintiff seeks declaratory relief to clarify the legal rights and obligations of all parties involved in the foreclosure, particularly concerning the violation of the Plaintiff's right to a trial by jury as guaranteed by the Seventh Amendment. This cause of action asserts that a judicial declaration is necessary to confirm that the Plaintiff's constitutional right was disregarded during the foreclosure process, rendering the foreclosure unconstitutional and void.

**Detailed Analysis:**

1. **Purpose of Declaratory Relief:**

   o Declaratory relief is a legal remedy that allows a court to make a binding determination of the rights, duties, or obligations of parties involved in a legal dispute. In this case, the relief sought is to confirm the Plaintiff's Seventh Amendment right to a trial by jury in the context of the foreclosure process. The Plaintiff contends that the Defendants proceeded with a non-judicial foreclosure without affording the Plaintiff this constitutional right, creating uncertainty and controversy over the validity of the foreclosure.

2. **Necessity for Declaratory Relief:**

   o Declaratory relief is necessary to resolve the legal controversy regarding the Plaintiff's Seventh Amendment rights. The foreclosure was conducted in a manner that bypassed the Plaintiff's right to a trial by jury, a right guaranteed by the Seventh Amendment for civil cases involving significant property interests. The Plaintiff's protest, grounded in the Seventh Amendment, was ignored by the Defendants, who continued the foreclosure without judicial oversight. A judicial declaration is needed to affirm that the foreclosure was unconstitutional and to protect the Plaintiff's rights.

Paul-Edward: Gilbert, Plaintiff
v.                                          Case No.                          Page **2** of **4**
Clear Recon et. al., Defendant
Declaratory Relief in Support of Claim of Constitutional Trespass

3. **Issues Requiring Declaratory Relief:**

  o **Seventh Amendment Violation:** The court should declare whether the Plaintiff's Seventh Amendment right to a trial by jury was violated by the non-judicial foreclosure process.

  o **Validity of the Foreclosure:** The court should declare whether the foreclosure, conducted without a trial by jury, was valid or void due to the violation of constitutional rights.

  o **Legal Rights of the Plaintiff:** The court should clarify that the Plaintiff has an unalienable right to a trial by jury, particularly in cases involving the loss of significant property, and that this right cannot be bypassed by statutory provisions enabling non-judicial foreclosure.

4. **Judicial Notice & Legal Maxims:**

  o The Mandatory Judicial Notice requires the court to uphold the Seventh Amendment right to a trial by jury as a fundamental constitutional protection. The maxim "Ubi jus ibi remedium" (Where there is a right, there is a remedy) applies here, reinforcing the need for the court to provide a remedy for the violation of the Plaintiff's Seventh Amendment rights.

5. **Case Law Support:**

  o *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989): Reaffirms the importance of the Seventh Amendment right to a trial by jury in civil cases involving legal and equitable claims.

  o *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500 (1959): Emphasizes that the Seventh Amendment preserves the right to a jury trial in cases where legal rights are at issue, particularly in disputes involving property.

1    **Closing Statement:**

2    Declaratory relief is necessary to resolve the legal uncertainties surrounding the

3    Plaintiff's Seventh Amendment rights in the context of the foreclosure. The court must provide a

4    binding declaration that confirms the Plaintiff's right to a trial by jury was violated and that any

5    foreclosure proceeding conducted without this right is unconstitutional and void. This

6    declaration will protect the Plaintiff's constitutional rights and prevent similar violations in the

7    future.

8

9                                    **Certification**

10    I, Paul-Edward: Gilbert, the Plaintiff in the above-captioned matter, do hereby certify

11    under penalty of perjury and in accordance with the laws of the United States of America, that

12    the statements and information provided herein are true, correct, and made with honesty and

13    integrity. I affirm there is no intent to deceive, mislead, or provide false information, and that

14    this complaint is presented in the spirit of truth and justice, fully aligned with the principles of

15    common law.

16    **Dated:** _August 2_ , A. D. 2024

17                                    **Autograph:** _Paul E_

18                                                 Paul-Edward: Gilbert

Paul-Edward: Gilbert, Plaintiff
            v.                                    Case No.                        Page **4** of **4**
Clear Recon et. al., Defendant
                    Declaratory Relief in Support of Claim of Constitutional Trespass