UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLEAR RECON CORP., et al.,<br><br>　　　　　　Defendants. | No. 2:24-cv-02308-DAD-CKD (PS)<br><br><br>ORDER |

    Plaintiff Paul Edward Gilbert initiated this action on August 26, 2024, with a fee-paid complaint naming several defendants and bringing claims arising out of an alleged wrongful foreclosure. Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Presently before the court is plaintiff's ex parte motion for leave to record a lis pendens on the property at 11782 Blackberry Place in Nevada City, California. (ECF No. 6.) This matter is appropriate for decision without oral argument. See Local Rule 230(g).

    "A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Civ. Proc. Code § 405.20. This is known as lis pendens. See Kirkeby v. Superior Ct., 33 Cal. 4th 642, 647 (2004). "The notice shall contain the names of all parties to the action and a description of the property affected by the action." Cal.

Civ. Proc. Code § 405.20. In addition, because plaintiff proceeds without counsel, in this instance, the notice must be approved by a judge. See Cal. Civ. Proc. Code § 405.21.

For this purpose, a "real property claim" is a cause of action which would, if meritorious, affect title to, or the right to possession of, specific real property or the use of an easement. See Cal. Code Civ. Proc. § 405.4; Kirkeby, 33 Cal. 4th at 647. The analysis is similar to that of a demurrer in state court, or a motion to dismiss for failure to state a claim in federal court, except that rather than analyzing whether the pleading states any claim at all, a court undertakes the more limited analysis of whether the pleading states a real property claim. Kirkeby, 33 Cal. 4th at 648.

Here, plaintiff's complaint alleges the defendants took a series of unlawful actions "resulting in the wrongful foreclosure of Plaintiff's property." (ECF No. 1 at 2.) Plaintiff became the owner of the property at issue in March 1985. (Id. at 5.) In 2006, plaintiff obtained a mortgage on the property, originally issued by Ditech. (Id.) at 6.) Following Ditech's bankruptcy, the mortgage was assigned to defendant NewRez, LLC. (Id.) Plaintiff does not contest the assignment to defendant NewRez, LLC. (Id.) However, plaintiff alleges the deed of trust securing the mortgage "has been wrongfully enforced," leading to the current dispute. (Id.)

Under the complaint's further allegations, in early 2020, plaintiff entered into a loan modification process with Loancare LLC, during which plaintiff requested that the attorney representing Loancare LLC produce his license and oath of office as required by California law. (ECF No. 1 at 6.) Plaintiff did not receive a satisfactory response, which led plaintiff to believe that fraudulent misrepresentation had occurred. (Id.) As a result, plaintiff "rescinded the mortgage contract for fraud" by sending a letter to defendant, NewRez LLC. (Id.) No response was received to this rescission. (Id.) On May 18, 2024, plaintiff sent a Peremptory Notice to Cease and Desist to defendant Clear Recon Corp., detailing the alleged constitutional violations and "reaffirming the rescission due to fraud." (Id.) Plaintiff alleges the subsequent foreclosure was "based on a void assignment" of the deed of trust. (Id. at 2.)

Plaintiff's complaint asserts six causes of action against multiple defendants as follows: (1) Violation of the Seventh Amendment – Right to Trial by Jury; (2) Breach of Duty by Trustee; (3) Negligence/ Gross Negligence; (4) Violation of Due Process Rights; (5) Constructive Fraud;

and (6) Unjust Enrichment. (ECF No. 1 at 7-15.) Because the complaint asserts this court has subject matter jurisdiction on the basis of a federal question, the court first examines the causes of action which purport to present a federal issue.[1] These are the first and fourth causes of action, and they are deficient.

As to the first cause of action, plaintiff had no Seventh Amendment right to a jury trial in connection with a non-judicial foreclosure on a deed of trust. See Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 418 (1996) ("the Seventh Amendment… governs proceedings in federal court"). As to the fourth cause of action, "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." Garfinkle v. Super. Ct., 21 Cal. 3d 268, 281 (1978). Thus, the federal claims do not present a properly pleaded real property claim for the purpose of lis pendens.

Without a cognizable federal claim, the undersigned would recommend the court decline jurisdiction over the remaining state law claims and dismiss them on that basis. See 28 U.S.C. § 1367(c)(3). But even if this court were to exercise supplemental jurisdiction over the state-law claims in the complaint, there is no real property claim that would, if meritorious, affect title to, or the right to possession of, the real property at issue.

Plaintiff seeks damages and restitution for the state-law claims of Breach of Duty by Trustee, Negligence, Constructive Fraud, and Unjust Enrichment. (ECF No. 1 at 15-16.) Plaintiff additionally seeks injunctive relief on the Unjust Enrichment cause of action "to prevent the Defendants from continuing or repeating the unlawful foreclosure process and any related action…." (Id. at 16.) Such relief, if granted, would not affect title to, or the right to possess, the real property at issue.

---

[1] The complaint also asserts "diversity of citizenship between the Plaintiff and the Defendants… given that the parties are from different states and the amount in controversy exceeds the statutory threshold…." (ECF No. 1 at 5.) However, the allegations stated do not invoke the court's diversity jurisdiction. Plaintiff "bears the burden of ... pleading ... diversity jurisdiction." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The complaint does not allege the citizenship of any defendants.

To any extent plaintiff seeks to quiet title under California Code of Civil Procedure § 760.010 (see ECF No. 1 at 17), there is no properly pleaded real property claim because plaintiff does not allege he tendered payment of the full amount due under the mortgage. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (litigants bringing any cause of action for irregularity in the sale procedure are required to allege tender of the amount of secured indebtedness). A quiet title claim requires the mortgagor to allege they have paid, or tendered payment of, the full amount due under the mortgage. See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) ("a mortgagor cannot quiet his title against the mortgagee without paying the debt secured"); Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901) ("an action to set aside the sale, unaccompanied by an offer to redeem, would not state a cause of action"). Plaintiff's allegations of fraud and a "void" assignment do not make tender rule inapplicable. See Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F.Supp.2d 1022, 1034-35 (N.D. Cal. 2010) (noting allegation of a "void" transfer of deed would not overcome the applicable tender rule).

Finally, plaintiff additionally seeks declaratory relief. (ECF No. 1 at 17.) However, declaratory relief is not an independent cause of action. See 28 U.S.C. § 2201(a); Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937) ("the operation of the Declaratory Judgment Act is procedural only"). "A declaratory judgment is not a theory of recovery," Commercial Union Ins. Co. v. Walbrook Ins. Co., Ltd., 41 F.3d 764, 775 (1st Cir. 1994), and, instead, "merely offers an additional remedy to litigants." Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2nd Cir. 1997) (italics omitted). Thus, the request for declaratory relief does not constitute a real property claim.

Based on the foregoing, plaintiff's complaint does not plead a real property claim. It follows that there is no basis for a notice of lis pendens. See Cal. Code Civ. Proc. § 405.4; Kirkeby, 33 Cal. 4th at 647.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's ex parte motion for leave to record a lis pendens (ECF No. 6) is denied.

Dated:  October 3, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gilb24cv2308.lispen