UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLEAR RECON CORP, et al.<br><br>　　　　　Defendants. | No.  2:24-cv-2308-DC-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

On December 16, 2024, plaintiff Paul Edward Gilbert filed a motion for a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure. (ECF No. 35.) The presiding district judge referred the motion filed on December 16, 2024, to the undersigned for issuance of findings and recommendations. (ECF No. 37.) The motion is appropriate for decision without oral argument under Local Rule 230(g) and should be denied because the court cannot issue the requested relief.

**I.     Background**

Plaintiff Paul Edward Gilbert initiated this action on August 26, 2024, with a fee-paid complaint naming several defendants and bringing claims arising out of an alleged wrongful foreclosure. (ECF No. 1.) Plaintiff alleges the defendants took a series of unlawful actions "resulting in the wrongful foreclosure of Plaintiff's property." (Id. at 2.)

1

Under the complaint's allegations, plaintiff became the owner of the property at issue in March 1985. (ECF No. 1 at 5.) In 2006, plaintiff obtained a mortgage on the property, originally issued by Ditech. (Id.) at 6.) Following Ditech's bankruptcy, the mortgage was assigned to defendant NewRez, LLC. (Id.) Plaintiff does not contest the assignment to NewRez, LLC. (Id.) However, plaintiff alleges the deed of trust securing the mortgage "has been wrongfully enforced," leading to the current dispute. (Id.)

Under the complaint's further allegations, in 2020, plaintiff entered into a loan modification process with Loancare LLC, during which plaintiff requested that the attorney representing Loancare LLC produce his license and oath of office as required by California law. (ECF No. 1 at 6.) Plaintiff did not receive a satisfactory response, which led plaintiff to believe that fraudulent misrepresentation had occurred. (Id.) As a result, plaintiff "rescinded the mortgage contract for fraud" by sending a letter to NewRez LLC. (Id.) Plaintiff did not receive a response. (Id.) On May 18, 2024, plaintiff sent a "Peremptory Notice to Cease and Desist" to defendant Clear Recon Corp., detailing the alleged constitutional violations and "reaffirming the rescission due to fraud." (Id.) Plaintiff alleges the subsequent foreclosure was "based on a void assignment" of the deed of trust. (Id. at 2.)

The complaint asserts six causes of action against multiple defendants as follows: (1) Violation of the Seventh Amendment – Right to Trial by Jury; (2) Breach of Duty by Trustee; (3) Negligence/ Gross Negligence; (4) Violation of Due Process Rights; (5) Constructive Fraud; and (6) Unjust Enrichment. (ECF No. 1 at 7-15.)

Some of the defendants filed motions to dismiss. (ECF Nos. 23, 27.) These motions are pending and are currently set for a hearing to take place on January 15, 2024, before the undersigned. (ECF No. 34.)

On December 16, 2024, plaintiff filed the motion for a temporary restraining order presently before the undersigned. (ECF No. 35.) The motion is titled "Plaintiff's Petition for Immediate Stay of Eviction." Plaintiff seeks a stay of any eviction proceedings or related actions until this case is resolved. (Id. at 3.) Plaintiff attaches a Memorandum Decision and Order Regarding Bench Trial on an unlawful detainer matter for the real property at issue. (Id. at 18-20.)

## II. Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested …, and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

>(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

### III. Analysis

As a preliminary matter, plaintiff has not satisfied the requirements of this court's local rule governing applications for temporary restraining orders. First. plaintiff has not filed a brief on all relevant legal issues presented by the motion. Second, plaintiff has not filed an affidavit in support of the existence of an irreparable injury. Third, plaintiff has not filed an "affidavit detailing notice, or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given[.]"[1] Fourth, plaintiff has not filed a proposed order. The motion for a temporary restraining order is therefore procedurally defective. See Local Rule 231.

The court also cannot issue the requested relief. Based on the materials presented with the request for a temporary restraining order, a state court has already or will soon enter judgment in an unlawful detainer action involving plaintiff and the real property at issue. Under well-settled principles, this court lacks "subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks and citation omitted); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). To any extent the unlawful detainer action is still ongoing, this court would be compelled to abstain from interference under Colorado River Water Conservation District v.

---

[1] The court does not assume all affected parties or counsel received actual notice of plaintiff's motion for temporary restraining order through CM/ECF Notice of Electronic Filing because not all named defendants have appeared in this matter.

4

United States, 424 U.S. 800 (1976). See Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (abstaining from interfering with state unlawful-detainer action). Under Colorado River, "whether either the state or federal court has exercised jurisdiction over a res" is dispositive. 40235 Washington Street Corp. v. Lusardi, 976 F.2d 587, 588 (9th Cir. 1992) (finding the district court was required to stay a quiet title action where there was a concurrent quiet title action that had been filed first in state court). "The forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." Id. at 589 (citing Colorado River, 424 U.S. at 819).

Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this court from enjoining enforcement of the state court unlawful detainer judgment. Under the Anti-Injunction Act, a federal court is "barred from enjoining or staying proceedings in state court." Scherbenske, 626 F. Supp. 2d at 1058. The Anti-Injunction Act "is interpreted broadly and includes injunctions directed at the parties rather than the state court itself." Id. (citing Atlantic C.L.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 287 (1970)).

Plaintiff's motion for a temporary restraining order seeks the following relief: (1) Issue an immediate stay of any eviction proceedings or related actions by Citibank. (2) Maintain this stay until [this case] is fully resolved in this court. (ECF No. 35 at 3.) Exhibits attached to the motion include a Memorandum Decision and Order Regarding Bench Trial on an Unlawful Detainer matter involving Citibank, N.A. as the plaintiff in the unlawful detainer matter and plaintiff in the instant federal action—Paul E. Gilbert—as defendant in the unlawful detainer matter. (Id. at 18-20.) The Memorandum Decision and Order is dated December 13, 2024, and concludes as follows:

> Judgment for [Citibank N.A.] and against [Paul E. Gilbert]. [Citibank N.A.] is entitled to possession of the subject property solely. [….] A writ of possession shall issue upon issuance of a judgment.

(Id. at 19.)

Plaintiff's motion for a temporary restraining order does not specifically request an injunction of the state court unlawful detainer action, but the requested injunction would operate to do exactly that. See Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007) (citing

5

Atlantic C.L.R. Co., 398 U.S. at 287-88 (the Anti-Injunction Act "extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments. An injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment."). "Numerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." Gray v. Bakersfield Parks, LP, No. 1:16-CV-01860-LJO-JLT, 2016 WL 7229112, at *2 (E.D. Cal. Dec. 13, 2016) (citing collected cases).

There are statutory exceptions to the Act for (1) injunctions expressly authorized by an act of Congress; (2) injunctions necessary to effectuate the judgment of the federal court; and (3) injunctions necessary in aid of the court's jurisdiction. 28 U.S.C. § 2283. These exceptions are to be interpreted narrowly. Scherbenske, 626 F. Supp. 2d at 1058 (citing Matter of Federal Shopping Way, Inc., 717 F.2d 1264, 1274 (9th Cir. 1983)). None of the statutory exceptions to the Anti-Injunction Act apply here.

The first exception to the Anti-Injunction Act is for injunctions expressly authorized by an act of Congress, and plaintiff identifies no applicable statutes. The court is also not aware of any applicable statute authorizing the requested injunction. See Scherbenske, 626 F. Supp. 2d at 1059 ("There is no federal statute authorizing a district court to enjoin a state unlawful detainer action.").

The second exception to the Anti-Injunction Act applies when an injunction is "necessary in aid of a court's jurisdiction." 28 U.S.C. § 2283. "This exception does not apply to stay unlawful detainer actions, especially previously filed state court actions." Gray, 2016 WL 7229112, at *3 (citing collected cases). There are no prior orders of this court that would be undermined by execution of the unlawful detainer judgment. See Atlantic C.L.R. Co., 398 U.S. at 295 (an injunction is only necessary in aid of a court's jurisdiction when "some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case").

The third exception to the Anti-Injunction Act authorizes an injunction to prevent state court litigation of a claim or issue that was previously presented to and decided by a federal court. Smith v. Bayer Corp., 564 U.S. 299, 306 (2011). This exception is recognized "to protect or effectuate the court's judgment." 28 U.S.C. § 2283. The Supreme Court has explained this exception exists to protect a court's in rem jurisdiction in cases where the federal court obtained jurisdiction over the res prior to the state court action. Vendo Co. v. Lektro–Vend Corp., 433 U.S. 623, 641 (1977). This court does not have in rem jurisdiction over the real property at issue and has not issued any orders pertaining to the real property at issue. An injunction against enforcement of the unlawful detainer judgment would not aid this court's jurisdiction over plaintiff's claims.

### IV. Conclusion and Recommendation

For the reasons set forth above, this court cannot enjoin the state court unlawful detainer matter or eviction proceedings resulting from that state court judgment.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order in the form of a stay of eviction (ECF No. 35) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: December 19, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gilb24cv2308.tro