UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR RECON CORP, et al.,<br><br>Defendants. | No. 2:24-cv-02308-DC-CKD (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 35, 39) |

Plaintiff Paul Edward Gilbert is proceeding *pro se* in this civil action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 16, 2024, Plaintiff filed a motion for a temporary restraining order in the form of an "immediate stay of eviction." (Doc. No. 35.) On December 18, 2024, the undersigned referred Plaintiff's motion to the assigned magistrate judge for the issuance of findings and recommendations. (Doc. No. 37.)

On December 19, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a temporary restraining order be denied because "this court cannot enjoin the state court unlawful detainer matter [brought against Plaintiff] or eviction proceedings resulting from that state court judgment." (Doc. No. 39 at 7.) The magistrate judge found that "[b]ased on the materials presented with the request for a

1

temporary restraining order, a state court has already or will soon enter judgment in an unlawful detainer action involving plaintiff and the real property at issue." (*Id.* at 4.) The magistrate judge further explained that "[u]nder well-settled principles, this court lacks 'subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" (*Id.*) (quoting *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008)). The magistrate judge also emphasized that "[n]umerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." (Doc. No. 39 at 6) (quoting *Gray v. Bakersfield Parks, LP*, No. 1:16-cv-01860-LJO-JLT, 2016 WL 7229112, at *2 (E.D. Cal. Dec. 13, 2016) (citing cases)).

Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id.* at 7.) On December 27, 2024, Plaintiff filed objections to the pending findings and recommendations. (Doc. No. 44.) On January 3, 2025, Defendant Citibank filed a response thereto. (Doc. No. 47.)

In his objections, Plaintiff contends that the findings and recommendations mischaracterize the relief he seeks in his motion. (Doc. No. 44 at 3.) Specifically, Plaintiff contends the magistrate judge incorrectly concluded that he is seeking to enjoin the state court unlawful detainer action Defendant Citibank brought against him. (*Id.*) But the magistrate judge accurately noted that "Plaintiff's motion for a temporary restraining order does not specifically request an injunction of the state court unlawful detainer action, but the requested injunction [of an immediate stay of eviction] would operate to do exactly that." (Doc. No. 39 at 5.) Notably, Plaintiff asserts that his "request is grounded in protecting federal constitutional claims," (Doc. No. 44 at 3), but he does actually contest that the relief he seeks would operate as an injunction against the enforcement and execution of the state court's judgment in the unlawful detainer action. Indeed, in his motion for a temporary restraining order, Plaintiff states that the relief he seeks is "an immediate stay of any eviction proceedings or related actions by [Defendant] Citibank." (Doc. No. 35 at 3.) For these reasons, Plaintiff's objection that the findings and recommendations mischaracterize the relief sought in his motion is not well taken.

2

      Plaintiff also objects to the findings and recommendations on the ground that the magistrate judge overlooked the irreparable harm he faces if the eviction proceedings of the state court are not enjoined. (Doc. No. 44 at 3.) However, the magistrate judge correctly noted that Plaintiff did not file an affidavit in support of the existence of an irreparable injury. (Doc. No. 39 at 4.) Moreover, even if unsubstantiated allegations of irreparable harm were overlooked in the findings and recommendations, that would not serve as a basis to reject the findings and recommendations. As thoroughly explained in the findings and recommendations, this court cannot grant the injunctive relief Plaintiff seeks in his motion.

      The court has also considered Plaintiff's remaining objections, which likewise do not provide a basis upon which to reject the pending findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections and Defendant Citibank's response, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on December 19, 2024 (Doc. No. 39) are adopted in full;
2. Plaintiff's motion for a temporary restraining order (Doc. No. 35) is denied; and
3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **January 8, 2025**

Dena Coggins
United States District Judge

3