UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR RECON CORP, et al.<br><br>Defendants. | No. 2:24-cv-2308-DC-CKD (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff Paul Edward Gilbert proceeds pro se and this matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Newrez, LLC dba Shellpoint Mortgage Servicing and Baron Silverstein ("Shellpoint defendants") move to dismiss plaintiff's claims. (ECF Nos. 23.) Defendants Clear Recon Corp., Tammy Laird, Hamsa Uchi, Monica Chavez, Edward Jamir, Aldridge Pite, LLP, Steven Pite, Esq., and Casper Rankin, Esq., ("Clear Recon defendants") also move to dismiss plaintiff's claims under Rule 12(b)(6). (ECF No. 27.)

     The parties appeared via videoconference for a hearing on January 15, 2024. Mr. Gilbert appeared pro se. Fred. T. Winters appeared on behalf of the Shellpoint defendants, Crystal Davieau appeared on behalf of Citibank, and Daniel S. Agle appeared on behalf of the Clear Recon defendants. For the reasons set forth below, the first amended complaint fails to state a

claim against the moving defendants. Their motions to dismiss should be granted and the claims against them in the FAC dismissed without further leave to amend.

The court will also vacate the further hearings set to take place in this matter on February 12, 2025, for plaintiff's motion for leave to file a second amended complaint and on February 19, 2025, for defendant Citibank's motion to dismiss. At the conclusion of the briefing schedules for these pending motions, the court will consider the motions on the record and briefs on file.

**I.    Background**

On December 10, 2005, a Deed of Trust ("DOT") was recorded associated with plaintiff's mortgage loan for the residential property located at 11782 Blackberry Place, Nevada City, CA 95959. (ECF No. 23-2, Request for Judicial Notice ("RJN"), Exhibit 1.)[1] The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for lender. (Id.) On January 27, 2022, an assignment of DOT was recorded, transferring the beneficial interest under the DOT from MERS (as beneficiary and nominee for the lender) to New Residential Mortgage, LLC (with MERS as the beneficiary and nominee for New Residential Mortgage, LLC) (Id., Exhibit 2.)

Also on January 27, 2022, plaintiff entered into a loan modification agreement with New Residential Mortgage, LLC. (ECF No. 23-2, RJN Exhibit 3.) On October 6, 2022, another assignment of DOT was recorded, transferring the beneficial interest under the DOT from MERS (as beneficiary and nominee of New Residential Mortgage, LLC) to LoanCare, LLC. (Id., Exhibit 4.) On September 12, 2023, a third assignment of DOT was recorded, transferring the beneficial interest under the DOT from LoanCare, LLC to NewRez LLC d/b/a Shellpoint Mortgage Servicing. (Id., Exhibit 5.) On April 23, 2024, a Notice of Trustee's Sale was recorded related to the property setting the sale for May 22, 2024. (Id., Exhibit 6.)

Plaintiff initiated this action on August 26, 2024, with a complaint naming several defendants and bringing claims arising out of an alleged wrongful foreclosure of the residential

---

[1] The court takes judicial notice of Exhibits 1-5 (ECF Nos. 23-2 at 4-41) of the Shellpoint defendants' request for judicial notice (ECF No. 72). See Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Nevada County Recorder's office.

1  property. (ECF No. 1.) After the Shellpoint defendants and Clear Recon Corp. defendants moved
2  to dismiss the complaint, plaintiff amended as a matter of course and filed the operative first
3  amended complaint ("FAC") on October 21, 2024. (ECF No. 18.) See Fed. R. Civ. P. 15(a)(1).[2]

4  Under the FAC's allegations, plaintiff holds a federal Land Patent for the subject property
5  and the Land Patent is "immune from collateral attack." (ECF No. 18 at 4.) Plaintiff executed a
6  Deed of Trust for the subject property "with explicit reservation of rights" to trial by jury under
7  the Seventh Amendment, and, accordingly, the subsequent non-judicial foreclosure violated
8  plaintiff's reserved rights. (Id. at 4.) Despite holding an "unassailable title," plaintiff was
9  subjected to foreclosure proceedings "based on inferior instruments, such as a Deed of Trust,
10 which cannot supersede a valid Land Patent." (Id. at 5.) Plaintiff alleges defendant Clear Recon
11 Corp., as trustee, violated its fiduciary duty by facilitating foreclosure proceedings without regard
12 for plaintiff's constitutional rights. (Id. at 7-8.)

13 The FAC asserts six causes of action as follows: (1) Violation of the Seventh Amendment
14 – Right to Trial by Jury; (2) Fiduciary Breach and Constitutional Principle affirmed in Miranda;
15 (3) Negligence and Gross Negligence; (4) Due Process Violations; (5) Constructive Fraud; and
16 (6) Unjust Enrichment. (ECF No. 1 at 7-15.) Plaintiff seeks damages, declaratory judgment, and
17 injunctive relief. (Id. at 11-12.)

18 On November 1, 2024, the Shellpoint defendants moved to dismiss the FAC for failure to
19 state a claim. (ECF No. 23.) Plaintiff opposed the motion. (ECF No. 30.) Defendants filed a reply.
20 (ECF No. 32.)

21 On November 7, 2024, the Clear Recon Corp. defendants moved to dismiss the FAC for
22 failure to state a claim. (ECF No. 27.) Plaintiff opposed the motion. (ECF No. 31.)

23 On December 17, 2024, plaintiff filed a motion for a temporary restraining order in the
24 form of an immediate stay of eviction. (ECF No. 35.) The district judge assigned to this case

---

[2] At the hearing on the present motions to dismiss, plaintiff indicated he expected the defendants' motions to dismiss to be vacated or dismissed based on plaintiff's filing of a motion seeking leave to file a second amended complaint. At this point, plaintiff "may amend… only with the opposing [parties'] written consent or the court's leave, see Fed. R. Civ. P. 15, and plaintiff's motion for leave to amend and proposed amended complaint does not nullify or overcome the defendants' properly noticed motions to dismiss the operative complaint.

3

denied the temporary restraining order on January 10, 2025. (ECF No. 51.)

On January 8, 2025, plaintiff filed a motion for leave to file a second amended complaint along with a proposed second amended complaint. (ECF Nos. 49, 50.) On January 10, 2025, defendant Citibank file a motion to dismiss. (ECF No. 52.) Those motions are being briefed.

## II.   Legal Standard

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally construes the pleadings and affords plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   Discussion

### A.   First and Fourth Causes of Action

The FAC fails to state a claim for a violation of plaintiff's constitutional rights. As to the first cause of action, plaintiff had no Seventh Amendment jury trial right in connection with a nonjudicial foreclosure. See Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 418 (1996) ("the Seventh Amendment… governs proceedings in federal court"). As to the fourth cause of action, "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." Garfinkle v. Super. Ct., 21 Cal. 3d 268, 281 (1978).

Plaintiff argues the Seventh Amendment claim "goes beyond the procedural classification of the foreclosure as 'non judicial;' it directly addresses the constitutional right to a trial by jury in contested matters involving private property, particularly when state action is invoked to enforce

a private contract." (ECF No. 30 at 9; ECF No. 31 at 6-7.) Similarly, plaintiff argues he was entitled to due process regardless of the nonjudicial classification of the foreclosure process because the defendants engaged in state action. (ECF No. 30 at 10; ECF No. 31 at 10-11.)

Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). Conclusory allegations are insufficient to establish state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) ("[A] bare allegation of joint action will not overcome a motion to dismiss. Plaintiff must allege facts tending to show that Defendants acted under color of state law or authority.") (internal quotations, ellipses, and citation omitted).

The FAC and plaintiff's arguments in opposition to the motions to dismiss make only conclusory allegations of state action which are insufficient to invoke constitutional protections. To the contrary, the law is clear that no constitutional claims lie pertaining to the nonjudicial foreclosure procedure of the subject property. See Gasperini, 518 U.S. at 418; Garfinkle, 21 Cal. 3d at 281. Accordingly, plaintiff's first and fourth causes of action should be dismissed.

### B. Second and Fifth Causes of Action

Under California law, breach of fiduciary duty is a "species of tort distinct from a cause of action for professional negligence." Stanley v. Richmond, 35 Cal.App.4th 1070, 1086 (Cal. Ct. App. 1995). The elements of a cause of action for breach of fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Id.; see also Benasra v. Mitchell Silberberg & Knupp LLP, 123 Cal.App.4th 1179, 1183 (Cal. Ct. App. 2004).

The FAC does not plausibly allege facts showing that any defendant owed plaintiff a fiduciary duty. Mortgage lenders, loan servicers, and deed of trust trustees do not owe borrowers a fiduciary duty. See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1093 (Ct. App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); Hatch v. Collins, 225 Cal. App. 3d 1104, 1111-12 (Ct. App. 1990), modified (Nov. 27, 1990) (rejecting argument that a deed of trust trustee stands in a fiduciary

relationship to the trustor); Shepherd v. Am. Home Mortg. Servs., Inc., No. CIV 209-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) (mortgage lenders and loan servicers do not owe a duty to loan borrowers). In the absence of facts showing any moving defendant owed plaintiff a fiduciary duty, plaintiff has no claim for breach of fiduciary duty.

Constructive fraud, pleaded in the fifth cause of action, "is a unique species of fraud applicable only to a fiduciary or confidential relationship." Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal. App. 4th 1105, 1131 (2014), as modified on denial of reh'g (Feb. 27, 2014). Plaintiff does not allege facts demonstrating a fiduciary or confidential relationship between any defendant and plaintiff. Moreover, plaintiff fails to allege any fraudulent conduct by any defendant with the required particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). The vague and conclusory allegation that defendant NewRez LLC failed to "disclos[e] the truth during the foreclosure process" (ECF No. 18 at 9) does not suffice to meet the required particularity standard and fails to support a cause of action for constructive fraud.

### C. Third Cause of Action – Negligence and Gross Negligence

The elements of a negligence claim are the following: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached this duty; and (3) the defendant's breach proximately caused the plaintiff's injuries. Wiener v. Southcoast Childcare Ctrs., Inc., 32 Cal.4th 1138, 1142 (2004); Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996). Here, for the negligence claim, plaintiff alleges specifically as to defendant Clear Recon Corp., "I see no evidence that they exercised due care, nor that they considered the constitutional objections raised." (ECF No. 18 at 9.)

Plaintiff does not allege any facts showing that a lender defendant or any defendant owed him a duty of care. "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." Nymark, 231 Cal.App.3d at 1095. "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." Software Design & Application, Ltd. v. Hoefer & Arnett, Inc., 49 Cal.App.4th 472, 482 (1996). "[A]s a general rule, a financial

6

institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1060 (E.D. Cal. 2009) (quoting Nymark, 231 Cal. App. 3d at 1096). In addition, "[n]umerous cases have characterized a loan modification as a traditional money lending activity [such] that a financial institution in general owes no duty of care to a borrower." Settle v. World Sav. Bank, F.S.B., No. No. ED CV 11-00800 MMM (DTBx), 2012 WL 1026103, at *8 (C.D. Cal. 2012) (citing collected cases) (vacated on other grounds).

The FAC lacks allegations of special circumstances imposing duties on any defendant as to any loan transaction, loan modification, or the nonjudicial property foreclosure. The complaint does not allege a special lending or other special relationship. As set forth, the constitutional protections plaintiff attempts to invoke did not apply to the nonjudicial foreclosure at issue and defendants owed no duty to provide those protections. In sum, plaintiff fails to allege any defendant owed an actionable duty of care or breach of duty as required to state a negligence claim.

### D.  Sixth Cause of Action – Unjust Enrichment

Unjust enrichment is not a standalone cause of action in California. See Abuelhawa v. Santa Clara Univ., 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) ("California law is clear: 'Unjust enrichment is not a cause of action.'") (citations omitted). Nevertheless, for purposes of screening the operative complaint, to any extent plaintiff could bring a cause of action involving unjust enrichment, he would be required to show "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008).

Plaintiff alleges, as to defendant NewRez LLC, "your actions have unjustly enriched you at my expense. I see no evidence that the benefit you gained was lawful or just." (ECF No. 18 at 9-10.) Labels and conclusions are insufficient to state a claim, as are formulaic recitations of the elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). For this reason, plaintiff's conclusory allegations of unjust enrichment fail to state a claim.

### E. Leave to Amend and Other Pending Motions

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In recommending that plaintiff's claims in the FAC against the moving defendants be dismissed, the court has construed the facts in the light most favorable to plaintiff. In opposition to the defendants' motions, plaintiff offered no further facts to suggest an amendment could cure the deficiencies in the complaint as to these claims. The court has also reviewed the proposed second amended complaint (ECF No. 50) and finds it does not include adequate factual allegations for any claim discussed herein that would overcome the deficiencies identified. Accordingly, it appears granting leave to amend on these claims would be futile, and the dismissal should be without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). To the extent plaintiff disagrees with that conclusion, plaintiff should file objections clearly setting forth the additional facts he could allege to state a cognizable claim against the moving defendants.

Otherwise, briefing is ongoing for plaintiff's motion for leave to file a second amended complaint. (ECF Nos. 49, 50.) To the extent plaintiff, in that motion, seeks leave to present other claims not discussed in this order, the court will consider whether to grant such leave upon the conclusion of the briefing schedule for that motion. Briefing is also ongoing for defendant Citibank's motion to dismiss. (ECF No. 52.) At the conclusion of the briefing schedules under Local Rule 230, the court will consider these motions on the record and briefs on file. See Local Rule 230(g). If the court subsequently concludes that oral argument would be beneficial, the parties will be notified accordingly.

////

**F. Plaintiff's Consent to Receive Service of Documents Electronically**

At the hearing on the present motions to dismiss, plaintiff and the court discussed the delay in plaintiff receiving filed documents through service by mail. The court inquired whether plaintiff would consent to receive immediate email notification of filed documents and waive the right to receive service by mail. Plaintiff agreed and gave consent.

**IV.    Order and Recommendation**

For the reasons set forth above, IT IS ORDERED as follows:

1. Upon plaintiff's consent, the Clerk of the Court is directed to arrange electronic service so that plaintiff receives immediate email notifications at crc4e7b4732@sendittomyemail.com when documents are filed in this case.

2. The hearing set for February 12, 2025, on plaintiff's motion for leave to file a second amended complaint, is VACATED.

3. The hearing set for February 19, 2025, on defendant Citibank's motion to dismiss, is VACATED.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Defendants' motions to dismiss (ECF Nos. 23, 27) be granted.
2. Plaintiff's claims in the FAC against the moving defendants be dismissed for failure to state a claim without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////
/////
/////
/////

shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 17, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gilb24cv2308.mtd