UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EDWARD GILBERT,

    Plaintiff,

v.

CLEAR RECON CORP, et al.

    Defendants.

No. 2:24-cv-2308-DC-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

    Plaintiff Paul Edward Gilbert proceeds pro se and this matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Plaintiff's motion for leave to file a second amended complaint (ECF No. 49) and motion to compel compliance with California Business & Professions Code § 6067 (ECF No. 65) are before the court. These matters are appropriate for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for March 26, 2025, is vacated. For the reasons set forth below, plaintiff's pending motions should be denied.

**I.**    **Background**

    Plaintiff initiated this action on August 26, 2024, naming various defendants and bringing claims arising out of an alleged wrongful foreclosure of a residential property. (ECF No. 1.) Plaintiff filed the operative first amended complaint ("FAC") on October 21, 2024. (ECF No. 18.)

1    Under the allegations in the FAC, plaintiff holds a federal Land Patent for the subject
2    property and the Land Patent is "immune from collateral attack." (ECF No. 18 at 4.) Plaintiff
3    executed a Deed of Trust for the subject property "with explicit reservation of rights" to trial by
4    jury under the Seventh Amendment, and, accordingly, the subsequent non-judicial foreclosure
5    violated plaintiff's reserved rights. (Id. at 4.) Despite holding an "unassailable title," plaintiff was
6    subjected to foreclosure proceedings "based on inferior instruments, such as a Deed of Trust,
7    which cannot supersede a valid Land Patent." (Id. at 5.) Defendant Clear Recon Corp., as trustee,
8    violated its fiduciary duty by facilitating foreclosure proceedings without regard for plaintiff's
9    constitutional rights. (Id. at 7-8.) The FAC asserted six causes of action as follows: (1) Violation
10   of the Seventh Amendment – Right to Trial by Jury; (2) Fiduciary Breach and Constitutional
11   Principle affirmed in Miranda; (3) Negligence and Gross Negligence; (4) Due Process Violations;
12   (5) Constructive Fraud; and (6) Unjust Enrichment. (Id. at 7-15.)

13    Various defendants moved to dismiss the FAC for failure to state a claim and plaintiff
14   opposed the motions. (ECF No. 23, 27, 30, 31.) On December 19, 2024, the undersigned
15   recommended plaintiff's claims in the FAC against defendants Newrez, LLC dba Shellpoint
16   Mortgage Servicing and Baron Silverstein ("Shellpoint defendants"), and against defendants
17   Clear Recon Corp., Tammy Laird, Hamsa Uchi, Monica Chavez, Edward Jamir, Aldridge Pite,
18   LLP, Steven Pite, Esq., and Casper Rankin, Esq. ("Clear Recon defendants") be dismissed
19   without leave to amend for failure to state a claim. (ECF No. 57 at 1, 9.) Those findings and
20   recommendations are pending before the assigned district judge.

21    Plaintiff filed the present motion for leave to amend along with the proposed second
22   amended complaint ("SAC") on January 8, 2025. (ECF Nos. 49, 50.) Defendants opposed the
23   motion. (ECF Nos. 58, 59, 60.)

24    Plaintiff filed the motion to compel compliance with California Business & Professions
25   Code § 6067 on February 10, 2025. (ECF No. 65.) Defendants opposed the motion. (ECF Nos.
26   67, 68, 69.)

27    On February 26, 2025, plaintiff filed a notice of a pending settlement agreement as to the
28   claims against defendant Citibank, N.A. (ECF No. 71.) Dispositional documents are due April 28,

2025. (ECF No. 72.)

## II. Legal Standard for Leave to Amend

When a party may not amend as a matter of course, that party "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely give leave when justice requires, but a variety of reasons may be sufficient to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Courts in the Ninth Circuit consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended [the] complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing Leighton, 833 F.2d at 186-87 & n. 3). Absent prejudice or another strong showing against allowing amendment, a presumption in favor of granting leave to amend exists under Rule 15(a). See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

In evaluating whether the proposed SAC states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court liberally construes pro se pleadings and affords pro se plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Nevertheless, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. Discussion

The proposed SAC raises materially the same allegations that were raised in the FAC, and which do not state a claim. Because further amendment would be futile, leave to amend should be denied. See Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court need not allow futile amendments).

Plaintiff's other pending motion styled as a motion to compel seeks a court order requiring defendants to "compl[y] with their statutory obligations under § 6067 by producing a license with

an indorsed oath of office." (ECF No. 65 at 1-2.) Because plaintiff fails to state any cognizable claim and further leave to amend should be denied, this motion should be denied as moot.

### A. Allegations in the Proposed SAC

Plaintiff is the rightful owner of the property known as 11782 Blackberry Place in Nevada City, California. (ECF No. 50 at 6.) Plaintiff obtained a mortgage secured by a Deed of Trust and "rescinded the mortgage contract for fraud by sending a letter to NewRez LLC" on August 21, 2023. (Id. at 6.) On May 18, 2024, plaintiff sent a "Peremptory Notice to Cease and Desist" to Clear Recon Corp. and NewRez LLC "detailing constitutional violations and reaffirming the rescission due to fraud." (Id. at 7 & 54-63.) Defendants did not respond. (Id. at 6-7.)

Clear Recon Corp. conducted a foreclosure sale, disregarding plaintiff's objections "and acting without proper legal authority in violation of the fiduciary standards established in *Hatch v. Collins*, 225 Cal.App.3d 1104 (1990)." (ECF No. 50 at 7.) Defendant Citibank, as purchaser at the foreclosure sale "subsequently initiated an unlawful detainer action to take possession of the property… demonstrating reliance on state action for enforcement[.]" (Id. at 7, 49.)

Plaintiff issued subpoenas to Clear Recon Corp's officers and agents, requesting "documentation critical to establishing the validity of the foreclosure." (ECF No. 50 at 7.) No response was received. (Id.)

On December 19, 2024, the California Superior Court ordered in Case No. CL0001902 "that a stay for issuance of the writ of possession is granted until 11:00 a.m. on 12/19/2024" and, further, "if [Paul E. Gilbert] delivers the check in the amount of $3,133.20 to the clerk of the court by 11:00 a.m. on 12/19/2024, then a stay of the writ of possession shall stay in effect until 1/22/2025 at 12:00 p.m." (ECF No. 50 at 65.) "On December 19, 2024, [plaintiff] made the payment and the Order was granted[.]" (Id. at 8.) Clear Recon Corp has failed to produce a single document responsive to plaintiff's subpoena addressing plaintiff's objections. (Id.)

Against the Clear Recon Corp. defendants, the proposed SAC asserts the following causes of action against: Breach of Duty (First Cause of Action); Breach of Duty Arising from Subpoena (Second Cause of Action); Due Process Violation (Third Cause of Action); Constructive Fraud (Fourth Cause of Action); Negligence/ Gross Negligence (Fifth and Sixth Causes of Action); and

Breach of Covenant of Good Faith and Fair Dealing (Seventh Cause of Action). (ECF No. 50 at 12-21.)

Against the Shellpoint defendants, the proposed SAC asserts the following causes of action: Breach of Duty (Eighth Cause of Action; Constructive Fraud (Ninth Cause of Action); and Fraudulent Misrepresentation (Tenth Cause of Action). (ECF No. 50 at 21-27.)

Against defendant Citibank N.A., the proposed SAC asserts the following causes of action: Negligence (Eleventh Cause of Action); and Fraudulent Misrepresentation (Twelfth Cause of Action. (ECF No. 50 at 27-30.)

Plaintiff seeks damages, injunctive relief, and to have California Civil Code § 2924g[1] declared unconstitutional as applied in this case. (ECF No. 50 at 12, 32-33.)

### B. Breach of Fiduciary Duty and Fraud Claims

Under California law, breach of fiduciary duty is a "species of tort distinct from a cause of action for professional negligence." Stanley v. Richmond, 35 Cal.App.4th 1070, 1086 (Cal. Ct. App. 1995). The elements of a cause of action for breach of fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach." Id.; see also Benasra v. Mitchell Silberberg & Knupp LLP, 123 Cal.App.4th 1179, 1183 (Cal. Ct. App. 2004). Constructive fraud, similarly, is a unique species of fraud applicable only to a fiduciary or confidential relationship." Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal. App. 4th 1105, 1131 (2014), as modified on denial of reh'g (Feb. 27, 2014).

Like the FAC, the proposed SAC does not plausibly allege facts showing any defendant owed plaintiff a fiduciary duty or that any defendant stood in a confidential relationship with plaintiff. Mortgage lenders, loan servicers, and deed of trust trustees do not owe borrowers a fiduciary duty. See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1093 (Ct. App. 1991) ("The relationship between a lending institution and its borrower-client is not

---

[1] California Civil Code § 2924g provides for a "statutory one-day postponement… to avoid the loss or forfeiture of equity in the property by affording the owner of the property scheduled to be sold a last opportunity to obtain funds with which to pay off the indebtedness secured by the deed of trust under which the trustee's sale has been scheduled[.]" Whitman v. Transtate Title Co., 165 Cal. App. 3d 312, 321 (Cal. Ct. App. 1985).

5

fiduciary in nature."); Hatch v. Collins, 225 Cal. App. 3d 1104, 1111-12 (Ct. App. 1990), modified (Nov. 27, 1990) (rejecting argument that a deed of trust trustee stands in a fiduciary relationship to the trustor); Shepherd v. Am. Home Mortg. Servs., Inc., No. CIV 209-1916 WBS GGH, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009) (mortgage lenders and loan servicers do not owe a duty to loan borrowers).

The proposed SAC does not allege facts suggesting any defendant owed him a fiduciary duty or the existence of a confidential relationship between any defendant and plaintiff. Therefore, plaintiff has no claim for breach of fiduciary duty or constructive fraud.

In addition, plaintiff fails to allege any fraudulent conduct by any defendant with the required particularity. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). To satisfy this standard, a "complaint must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013) (quotation marks and citation omitted); Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) ("Federal Rule of Civil Procedure 9(b) requires… an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (citation omitted)). With no alleged fraudulent conduct pleaded with the required particularity, the proposed SAC fails to state any claim sounding in fraud.

### C. Constitutional Challenges

The proposed SAC asserts the use of state-sanctioned mechanisms like foreclosure and Unlawful Detainer actions "subjects the[ ] processes to constitutional scrutiny" even as to private contracts. (ECF No. 50 at 8.) However, the law is settled to the contrary that "California's nonjudicial foreclosure procedure does not constitute state action and is therefore immune from the procedural due process requirements of the federal Constitution." Garfinkle v. Super. Ct., 21 Cal. 3d 268, 281 (1978). Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See

Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). Conclusory allegations are insufficient to establish state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008).

### D. Negligence Claims

Plaintiff asserts negligence and gross negligence claims against Clear Recon Corp. as trustee, and against Citibank N.A., as purchaser of the residential property. The elements of a negligence claim are the following: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached this duty; and (3) the defendant's breach proximately caused the plaintiff's injuries. Wiener v. Southcoast Childcare Ctrs., Inc., 32 Cal.4th 1138, 1142 (2004); Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (1996).

In California,

> [a] nonjudicial foreclosure sale is a creature of statute. The trustee's role in preparing for and conducting the sale is set forth in detail in Civil Code section 2924 et seq. The trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist.

Pro Value Properties, Inc. v. Quality Loan Serv. Corp., 170 Cal. App. 4th 579, 583 (2009) (internal quotation marks and citations omitted). The proposed SAC does not identify a legal duty that Clear Recon Corp. owed plaintiff under California Civil Code § 2924 et seq. Because that section sets forth the only legal duties that were owed by a trustee, Pro Value Properties, Inc., 170 Cal. App. 4th at 583, plaintiff fails to state a negligence claim against Clear Recon Corp. See also Rockridge Tr. v. Wells Fargo, N.A., 985 F. Supp. 2d 1110, 1162 (N.D. Cal. 2013) (holding a trustee under a deed of trust does not owe a borrower any duty of reasonable care supporting a negligence claim under California law).

As to defendant Citibank, plaintiff alleges Citibank N.A. owed plaintiff a duty "to act responsibly, prudently, and in good faith when asserting ownership of the property and initiating [Unlawful Detainer] proceedings." (ECF No. 50 at 27.) However, plaintiff does not allege Citibank N.A. owed any duty under California Civil Code Section 2924, et seq. A conclusory assertion of a legal duty owed is insufficient to support a negligence claim. See Bell Atlantic

1  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (a plaintiff must provide more than mere labels and
2  conclusions or a formulaic recitation of the elements of a cause of action in order to state a claim).
3        The court is unaware of any authority that would support the existence of a legal duty to
4  plaintiff by Citibank N.A. under the circumstances of this case. Compare Schneidereit v. Tr. of
5  Scott & Brian, Inc., 693 F. App'x 733, 735 (9th Cir. 2017) (dismissing negligence claims against
6  purchasers of a property for failure to allege facts sufficient to show a duty owed to them);[2]
7  Wright v. Ocwen Loan Servicing, LLC, No. CV-10-01014-MMM-OPX, 2011 WL 13223956, at
8  *16 (C.D. Cal. July 12, 2011) (finding "no authority for the proposition that the purchaser of a
9  property at a foreclosure sale owes a duty of care to the property's prior owner"); Monday v.
10 Saxon Mortg. Servs., Inc., No. CIV.2:10-989, 2010 WL 2574080, at *4 (E.D. Cal. June 25, 2010)
11 (granting motion to dismiss negligence claim for lack of "authority for the proposition that… the
12 purchaser at a foreclosure sale… owes a duty to ensure the legitimacy of the record keeping…"
13 where the plaintiff allegedly had not defaulted on the loan).
14       The proposed SAC does not allege facts sufficient to show breach of a legal duty owed by
15 defendant Citibank N.A. Moreover, and in any event, plaintiff has filed a notice of pending
16 settlement and intent to dismiss Citibank, N.A., from this case. (ECF No. 71.)

17     **IV.    Order and Recommendation**
18       In accordance with the above, IT IS ORDERED that the hearing set for March 26, 2025, is
19 VACATED.
20       In addition, IT IS HEREBY RECOMMENDED as follows:
21     1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 49) be
22        denied.
23     2. Plaintiff's other pending motion styled as a motion to compel (ECF No. 65) be denied
24        as moot.
25     3. This action be dismissed without further leave to amend.
26     4. The Clerk of the Court be directed to close this case.

---

[2] This unpublished disposition is not cited as precedent, but rather, as a persuasive authority. See
Ninth Circuit Rule 36-3.

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 16, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gilb24cv2308.mtc.mta