1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL EDWARD GILBERT,                    No.  2:24-cv-2308-DC-CKD (PS)

12                   Plaintiff,

13        v.                                 FINDINGS AND RECOMMENDATIONS

14   CLEAR RECON CORP, et al.

15                   Defendants.

16

17          Plaintiff Paul Edward Gilbert proceeds pro se and this matter is before the undersigned

18   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). On January 10, 2025, defendant

19   Citibank N.A. ("Citibank") moved to dismiss plaintiff's claims against it in the operative first

20   amended complaint ("FAC") under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil

21   Procedure. (ECF No. 52.). This motion is appropriate for decision without oral argument. See

22   Local Rule 230(g). For the reasons set forth below, the motion to dismiss should be granted.

23        **I.     Background[1]**

24          On May 22, 2024, Citibank purchased the Subject Property at a foreclosure sale. (ECF

25   No. 53 at 4-6.) A Trustee's Deed Upon Sale transferring title of the Subject Property to Citibank

26   _____

27   [1] The court takes judicial notice of Exhibits 1-4 of Citibank's request for judicial notice. (ECF
     No. 53). These documents are either records of state court proceedings or publicly available
     documents in the Nevada County Recorder's office. See Swartz v. KPMG LLP, 476 F.3d 756,
28   763 (9th Cir. 2007); Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

                                            1

was executed on June 28, 2024. (<u>Id.</u>) On July 30, 2024, Citibank initiated an unlawful detainer proceeding in the Nevada County Superior Court seeking to obtain possession of the Subject Property. (<u>Id.</u> at 8-23.) Plaintiff, who is the named defendant in the unlawful detainer complaint, filed a formal response contesting the foreclosure and the unlawful detainer. (<u>Id.</u> at 25-30.) Trial in the unlawful detainer matter was held on December 9, 2024, and on December 13, 2024, the Nevada County Superior Court issued a Memorandum Decision and Order Regarding Bench Trial, awarding possession of the Subject Property to Citibank. (<u>Id.</u> at 32-37.)

Plaintiff initiated this action on August 26, 2024, naming various defendants and bringing claims arising out of and related to the foreclosure. (ECF No. 1.) Plaintiff filed the operative FAC on October 21, 2024. (ECF No. 18.) Under the allegations in the FAC, plaintiff holds a federal Land Patent for the subject property and the Land Patent is "immune from collateral attack." (<u>Id.</u> at 4.) Plaintiff executed a Deed of Trust for the subject property "with explicit reservation of rights" to trial by jury under the Seventh Amendment, and, accordingly, the subsequent non-judicial foreclosure violated plaintiff's reserved rights. (<u>Id.</u>) Despite holding an "unassailable title," plaintiff was subjected to foreclosure proceedings "based on inferior instruments, such as a Deed of Trust, which cannot supersede a valid Land Patent." (<u>Id.</u> at 5.)

The FAC asserted six causes of action as follows: (1) Violation of the Seventh Amendment – Right to Trial by Jury; (2) Fiduciary Breach and Constitutional Principle affirmed in Miranda; (3) Negligence and Gross Negligence; (4) Due Process Violations; (5) Constructive Fraud; and (6) Unjust Enrichment. (<u>Id.</u> at 7-15.)

On January 10, 2025, defendant Citibank filed the motion to dismiss presently before the court. (ECF No. 52.) On February 6, 2025, the undersigned noted plaintiff had failed to timely oppose the motion to dismiss filed by Citibank and granted plaintiff 14 days from the date of that order to file an opposition or statement of non-opposition. (ECF No. 62.) Plaintiff was warned that any further failure to respond would be construed as plaintiff's non-opposition and consent to the granting of the motion. (<u>Id.</u>) Plaintiff did not oppose the motion within the time frame granted. (<u>Id.</u>) In an abundance of leniency for pro se plaintiff, however, the court will construe plaintiff's arguments in other briefing filed in this case as a statement of opposition to the present motion.

1    **II.    Legal Standard**

2    Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted

3    for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

4    cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In

5    evaluating whether a complaint states a claim on which relief may be granted, the court accepts as

6    true the allegations in the complaint and construes the allegations in the light most favorable to

7    the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d

8    1242, 1245 (9th Cir. 1989). Particularly because plaintiff proceeds pro se, the court liberally

9    construes the pleadings and affords plaintiff the benefit of any doubt. <u>Bretz v. Kelman</u>, 773 F.2d

10    1026, 1027 (9th Cir. 1985). Nevertheless, the court is not required to accept as true allegations

11    that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. <u>Sprewell</u>

12    <u>v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

13    **III.    Discussion**

14    **A. Constitutional Claims**

15    The FAC fails to state a claim for a violation of plaintiff's constitutional rights. Plaintiff

16    had no Seventh Amendment jury trial right in connection with a nonjudicial foreclosure as

17    alleged in the first cause of action. <u>See Gasperini v. Ctr. for Humans., Inc.</u>, 518 U.S. 415, 418

18    (1996) ("the Seventh Amendment… governs proceedings in federal court"). As to the fourth

19    cause of action, "California's nonjudicial foreclosure procedure does not constitute state action

20    and is therefore immune from the procedural due process requirements of the federal

21    Constitution." <u>Garfinkle v. Super. Ct.</u>, 21 Cal. 3d 268, 281 (1978). No constitutional claims lie

22    pertaining to the nonjudicial foreclosure procedure of the subject property. <u>See Gasperini</u>, 518

23    U.S. at 418; <u>Garfinkle</u>, 21 Cal. 3d at 281. Accordingly, plaintiff's first and fourth causes of action

24    against Citibank should be dismissed.

25    **B. State-Law Claims**

26    Because the FAC fails to state a federal claim, this court should decline to exercise

27    supplemental jurisdiction over plaintiff's state-law claims. <u>See</u> 28 U.S.C. § 1367(a), (c)(3).

28    Nevertheless, the FAC pleads no cognizable state law claim against Citibank.

1    Under California law, breach of fiduciary duty, plaintiff's second cause of action, is a

2    "species of tort distinct from a cause of action for professional negligence." <u>Stanley v. Richmond</u>,

3    35 Cal.App.4th 1070, 1086 (Cal. Ct. App. 1995). The elements of a cause of action for breach of

4    fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3)

5    damage proximately caused by the breach." <u>Id.</u>; <u>see also</u> <u>Benasra v. Mitchell Silberberg & Knupp</u>

6    <u>LLP</u>, 123 Cal.App.4th 1179, 1183 (Cal. Ct. App. 2004). Constructive fraud, pleaded in the fifth

7    cause of action, "is a unique species of fraud applicable only to a fiduciary or confidential

8    relationship." <u>Prakashpalan v. Engstrom, Lipscomb & Lack</u>, 223 Cal. App. 4th 1105, 1131

9    (2014), as modified on denial of reh'g (Feb. 27, 2014).

10    Plaintiff does not allege facts demonstrating a fiduciary or confidential relationship

11    between any defendant and plaintiff. Thus, the FAC fails to state a claim for breach of fiduciary

12    duty or constructive fraud.

13    Moreover, the FAC does not plausibly allege facts showing that Citibank owed plaintiff a

14    legal duty that would support an ordinary negligence claim. The elements of a negligence claim

15    are the following: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached

16    this duty; and (3) the defendant's breach proximately caused the plaintiff's injuries. <u>Wiener v.</u>

17    <u>Southcoast Childcare Ctrs., Inc.</u>, 32 Cal.4th 1138, 1142 (2004). Here, Citibank owe plaintiff no

18    legal duty. <u>See</u> <u>Schneidereit v. Tr. of Scott & Brian, Inc.</u>, 693 F. App'x 733, 735 (9th Cir. 2017)

19    (dismissing negligence claims against purchasers of a property for failure to allege facts sufficient

20    to show a duty owed to the plaintiffs);[2] <u>Wright v. Ocwen Loan Servicing, LLC</u>, No. CV-10-

21    01014-MMM-OPX, 2011 WL 13223956, at *16 (C.D. Cal. July 12, 2011) (finding "no authority

22    for the proposition that the purchaser of a property at a foreclosure sale owes a duty of care to the

23    property's prior owner"); <u>Monday v. Saxon Mortg. Servs., Inc.</u>, No. CIV.2:10-989, 2010 WL

24    2574080, at *4 (E.D. Cal. June 25, 2010) (dismissing negligence claim for no "authority for the

25    proposition that… the purchaser at a foreclosure sale… owes a duty to ensure the legitimacy of

26    the record keeping…" where the plaintiff allegedly had not defaulted on the loan).

27

28    [2] This unpublished disposition is cited as a persuasive authority and not as precedent. <u>See</u> Ninth
Circuit Rule 36-3.

Finally, plaintiff's sixth cause of action, unjust enrichment, is not a standalone cause of action in California. See Abuelhawa v. Santa Clara Univ., 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) ("California law is clear: 'Unjust enrichment is not a cause of action.'") (citations omitted). Nevertheless, to any extent plaintiff could bring a cause of action involving unjust enrichment, he would be required to show "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008). The FAC fails to plausibly allege unjust retention of a benefit by Citibank.

### E.  Leave to Amend

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, the court does not have to allow futile amendments. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Here, plaintiff has separately moved for leave to file a second amended complaint. (ECF Nos. 49, 50.) The undersigned has reviewed the proposed second amended complaint, found it fails to state a claim, and recommended the motion be denied. (See ECF No. 73.) It now clearly appears that granting further leave to amend plaintiff's claims against Citibank would be futile. Accordingly, the dismissal of the claims in the FAC should be without further leave to amend.[3]

### IV.    Recommendation

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1.  Defendant Citibank N.A.'s motion to dismiss (ECF No. 52) be granted.

2.  Plaintiff's claims in the FAC against Citibank N.A. be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[3] Because it is being recommended the claims in the FAC be dismissed for failure to state a claim, and in the interests of judicial economy, the undersigned does not address defendant's alternate argument that the FAC fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

1  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

2  shall be served on all parties and filed with the court within seven (7) days after service of the

3  objections. Failure to file objections within the specified time may waive the right to appeal the

4  District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951

5  F.2d 1153, 1156-57 (9th Cir. 1991).

6  Dated:  March 20, 2025

7  _____

8  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

9

10  8, gilb24cv2308.mtd.citi

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28