UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD GILBERT,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR RECON CORP, et al.<br><br>Defendants. | No. 2:24-cv-2308-DC-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

On March 20, 2025, plaintiff Paul Edward Gilbert filed a motion under Rule 65(b) of the Federal Rules of Civil Procedure entitled "Ex Parte Application for Immediate Stay of Proceedings Due to Irreparable Harm." (ECF No. 75.) The motion is appropriate for decision without oral argument under Local Rule 230(g) and should be denied.

On January 17, 2025, and on March 21, 2025, the undersigned issued findings and recommendations recommending that plaintiff's claims in the operative first amended complaint be dismissed without further leave to amend for failure to state a claim. (ECF Nos. 57, 76.) The undersigned has also recommended plaintiff's motion for leave to file a second amended complaint be denied. (ECF No. 73.) Plaintiff's present motion for emergency relief[1] seeks "an

---

[1] Plaintiff previously filed a motion seeking relief under Rule 65 of the Federal Rules of Civil Procedure on December 16, 2024. (ECF No. 35.) That motion was denied on January 10, 2025. (ECF No. 51.)

1

1  immediate stay of all proceedings for no less than 60 days due to irreparable harm as a result of
2  the State Court's failure to act" (ECF No. 75 at 2, 3), "[r]estoration of possession [of the subject
3  property] … pending resolution of this case[,]" and "[a] finding that the state court's failure to act
4  has directly contributed to the irreparable harm suffered, necessitating immediate judicial
5  intervention" (id. at 3). Some of the defendants have opposed the motion. (ECF Nos. 77, 79.)

      In determining whether to grant relief under Rule 65 of the Federal Rules of Civil Procedure, the court considers whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (courts within this circuit may consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another"). Under any formulation of the test, a plaintiff must establish at least "serious questions" on the merits of the claims presented, if not likelihood of success, as well as a likelihood of irreparable injury. Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

      As a preliminary matter, plaintiff has not satisfied the requirements of this court's local rule governing applications for temporary restraining orders of which plaintiff has previously been informed. (See ECF No. 39 at 3-4.) Plaintiff has not filed a brief on all relevant legal issues presented by the motion, an affidavit detailing notice, or a proposed order. The motion for a temporary restraining order is procedurally defective. See Local Rule 231; see Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Nible v. Macomber, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as procedurally deficient).

////

In addition, plaintiff fails to show the relevant factors support granting preliminary relief. A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). Plaintiff, as the moving party, bears the burden of establishing the merits of his claims. See Winter, 555 U.S. at 20. Aside from plaintiff's declaration, plaintiff does not furnish the court with evidence in support of the motion. Moreover, as set forth above, the undersigned has recommended plaintiff's claims be dismissed without further leave to amend. Plaintiff fails to show a likelihood of success on the merits, which is the most important Winter factor, and also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023).

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's "Ex Parte Application for Immediate Stay of Proceedings…" (ECF No. 75) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 25, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, gilb24cv2308.tro.2